

**JON E. WRIGHT**
DIRECTOR
(202) 772-8651
JWRIGHT@SKGF.COM

June 29, 2015

Daniel E. O'Toole                                      *Via Hand Delivery*
**Circuit Executive & Clerk of Court**
U.S. Court of Appeals for the Federal Circuit
717 Madison Place Northwest
Washington, D.C. 20439

Re:    Petition for Review; PTAB Appeal No. 2013-009547
       Concerning Reexamination Nos. 90/010,381, 90/011,454 and 90/011,713

Dear Mr. O'Toole:

Enclosed please find the following documents for filing:

1.    Three copies of the Applicant's Petition for Review to the U.S. Court of Appeals
      for the Federal Circuit pursuant to 35 U.S.C. §§ 141(b), 142; and 37 C.F.R. §
      90.2(a);

2.    The Decision on Appeal (Appeal No. 2013-009547) of the Patent Trial and
      Appeal Board (PTAB) entered on May 30, 2014, and Decision on Request for
      Rehearing entered on April 28, 2015; and

3.    $500.00 fee payment check addressed to the "Clerk of Court."

                              Respectfully submitted,

                              STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                              /s/ Jon E. Wright

                              Robert Greene Sterne
                              Jon E. Wright
                              Attorneys for Natural Alternatives, LLC

RGS/JEW/dbm
Enclosures

1955111_1.DOCX

Form 5

FORM 5. Petition for Review or Notice of Appeal of an Order or Decision of an AGENCY, BOARD, COMMISSION, OFFICE OR BUREAU.

## United States Court of Appeals for the Federal Circuit

Natural Alternatives, LLC         , Petitioner or Appellant,

v.                    **PETITION FOR REVIEW**

USPTO                        , Respondent or Appellee.

Natural Alternatives, LLC hereby petitions the Court for review of the Decision on Appeal (Appeal No. 2013-009547 re: Reexamination Nos. 90/010,381; 90/011,454; and 90/010,713) of the Patent Trial and Appeal Board (PTAB) entered on May 30, 2014, with the Decision on Request for Rehearing entered on April 28, 2015.

/s/ Jon E. Wright
Robert Greene Sterne
Jon E. Wright
Sterne, Kessler, Goldstein & Fox, PLLC
1100 New York Avenue, NW
Suite 600
Washington, DC 20005
(202) 772-8555
RSTERNE@skgf.com
JWRIGHT@skgf.com

*See Fed. R. App. P. 15 for permissible ways of identifying petitioners.

113

**Form 30**

**FORM 30. Certificate of Service**

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on
by:
Jun 29, 2015

☐ US mail
☐ Fax
☒ Hand
☐ Electronic Means
   (by email or CM/ECF)

| Jon E. Wright | /s/ Jon E. Wright |
|---|---|
| Name of Counsel | Signature of Counsel |

Law Firm  Sterne, Kessler, Goldstein & Fox, P.L.L.C

Address  1100 New York Avenue, N.W., Suite 600

City, State, ZIP  Washington, DC 20005

Telephone Number  (202) 772-8651

FAX Number  (202) 371-2540

E-mail Address  JWRIGHT@skgf.com

NOTE: For attorneys filing documents electronically, the name of the filer
under whose log-in and password a document is submitted must be preceded
by an "/s/" and typed in the space where the signature would otherwise appear.
Graphic and other electronic signatures are discouraged.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,713 | 05/26/2011 | 6,080,330 | UNUI136516 | 6831 |

1009    7590    05/30/2014
KING & SCHICKLI, PLLC
247 NORTH BROADWAY
LEXINGTON, KY 40507

| EXAMINER |
|---|
| XU, LING X |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3991 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/30/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

*Ex Parte* Natural Alternatives, LLC.

Appeal 2013-009547
Reexamination Control Nos. 90/010,381; 90/011,454; and 90/011,713
Patent 6,080,330
Technology Center 3900

_____

Before ROMULO H. DELMENDO, JEFFREY B. ROBERTSON, and
RAE LYNN P. GUEST, *Administrative Patent Judges*.

ROBERTSON, *Administrative Patent Judge*.

DECISION ON APPEAL

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

Patent Owner Natural Alternatives, LLC (hereinafter "Patent Owner")
appeals under 35 U.S.C. §§ 134(b) and 306 the Examiner's decision to reject
claims 1-23 and 25-55.[1] We have jurisdiction under 35 U.S.C. §§ 134(b)
and 306. We affirm the Examiner's decision to reject claims 1-23 and 25-
55.

## STATEMENT OF THE CASE

United States Patent 6,080,330 (hereinafter "the '330 Patent"), which
is the subject of the current merged *ex parte* reexamination proceedings,
issued to Todd Bloomer on June 27, 2000, based on Application 09/333,180
filed June 14, 1999. All three reexamination proceedings were ordered
based on third-party requests for reexamination filed by Univar USA Inc.
Although not stated in the Appeal Brief, we understand that the '330 Patent
is (or has been) the subject of litigation styled *Natural Alternatives, LLC,
and Todd Bloomer v. Univar USA Inc.*, Case No. 5:08-cv-473 (E.D. Ky.).
*See* Request for Reexamination, filed January 9, 2009 in 90/010,381, at 2.
The '330 Patent is related to United States Patent 6,416,684 (hereinafter "the
'684 Patent"), which is the subject of Reexamination Control 95/001,136
and is currently undergoing reexamination. (App. Br. 4.)

The '330 Patent relates to a mixture containing desugared sugar beet
molasses (hereinafter "DSBM"), which is used for removing and/or
preventing ice or snow buildup. (Col. 4, ll. 22-49.) The compositions

---

[1] *See* Patent Owner's Appeal Brief (filed December 17, 2012) (hereinafter
"App. Br.") at 1.

2

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

combine DSBM with either alcohols or salts to create the anti-freezing

compound. (Col. 4, ll. 5-21.)

Claims 1 and 6, which are illustrative of the claimed subject matter

read as follows:

> 1. A composition for deicing and inhibiting the
> formation of ice and snow on surfaces comprising from 25-99%
> by volume of desugared sugar beet molasses having 60-75%
> suspended solids and 1-75% by volume of a component
> selected from the group consisting of sodium formate, calcium
> magnesium acetate, potassium acetate, ethylene glycol, di-
> ethylene glycol, magnesium chloride, calcium chloride, sodium
> chloride, potassium chloride and mixtures thereof.

> 6. A composition for deicing or inhibiting the formation
> of ice and snow on surfaces comprising a mixture of desugared
> sugar beet molasses and rock salt including from 8-10 gallons
> of desugared beet molasses per ton of tock salt.

(App. Br., Claims App'x 53-54.)

The Prior Art relevant to the issues on Appeal is:

| Daly | US 5,639,319 | Jun. 17, 1997 |
|------|--------------|---------------|
| Crofoot | US 1,581,179 | Apr. 20, 1926 |

Zdzislaw (PL 164018 B1, published Nov. 7, 1990)

Public Works (Winter is Hell, Public Works, July 1997, pgs. 53-54.)

Public Sector Consultants (The Use of Selected Deicing Materials on
Michigan Roads: Environmental and Economic Impacts, Prepared by
Public Sector Consultants, Inc., for MDOT, December 1993.)

Bulk Density Chart (website listing bulk densities of various
materials,

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

> http://replay.web.archive.org/20021011113247/http://www.mpd-inc.com/material.htm, accessed May 12, 2011.)

> CRC Handbook (Handbook of Chemistry and Physics, 53rd Ed., The Chemical Rubber Co., Cleveland, OH. 1973, pgs. D-196 & C-258.)

## THE REJECTIONS

The claims stand rejected by the Examiner over eighteen different grounds of rejection.

1. Claim 54 under 35 U.S.C. § 305 as enlarging the scope of the claims under reexamination.

2. Claim 54 under 35 U.S.C. § 112, 2nd paragraph as being indefinite.

3. Claim 6 under 35 U.S.C. § 102(b) as being anticipated by Public Works as evidenced by Public Sector Consultants.

4. Claim 7 under 35 U.S.C. § 102(b) as being anticipated by Daly as evidenced by Bulk Density Chart.

5. Claim 9 under 35 U.S.C. § 103(a) over Daly as evidenced by Bulk Density, in view of Crofoot.

6. Claims 1, 3, 47, and 53 under 35 U.S.C. § 103(a) over Daly as evidenced by Bulk Density Chart.

7. Claim 2 under 35 U.S.C. § 103(a) over Daly as evidenced by Bulk Density, in view of Crofoot.

8. Claims 4, 22, and 29 under 35 U.S.C. § 103(a) over Daly as evidenced by Bulk Density, in view Patent Owner's Admitted Prior Art.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

9. Claims 7, 8, 10, 16, 18-20, 23, 25, 26, 28, 31-37, 52, 54 and 55 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants and Bulk Density Chart.

10. Claims 9 and 17 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants and Bulk Density Chart, in view of Crofoot.

11. Claims 27 and 42-44 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants and Bulk Density Chart, in view of Public Sector Consultants.

12. Claims 1, 3, 4, 11-15, 21, 22, 29, 30, 45, 48, 51, and 53 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants and Bulk Density Chart, in view of Daly and Patent Owner's Admitted Prior Art.

13. Claim 2 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants, Bulk Density Chart, Daly, and Patent Owner's Admitted Prior Art, in view of Crofoot.

14. Claims 5, 46, 47, 49, and 50 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants, Bulk Density Chart, Daly, and Patent Owner's Admitted Prior Art, in view of Public Sector Consultants.

15. Claims 7, 16, 17, 19, 20, 28, 32-35, 42-44, 54, and 55 under 35 U.S.C. § 103(a) over Zdzislaw as evidenced by Daly and Bulk Density Chart.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

16. Claims 6, 8-10, 18, 23, 25-27, 31, 36, 37, and 52 under 35 U.S.C.
    § 103(a) over Zdzislaw as evidenced by Daly and Bulk Density
    Chart, in view of Public Sector Consultants and Public Works.

17. Claims 1, 2, 4, 15, 21, 22, 29, 38-41, and 53 under 35 U.S.C.
    § 103(a) over Zdzislaw as evidenced by Daly, Bulk Density Chart,
    and Patent Owner's Admitted Prior Art.

18. Claims 3, 5, 11-14, 30 and 45-51 under 35 U.S.C. § 103(a) over
    Zdzislaw as evidenced by Daly, Bulk Density Chart, and Patent
    Owner's Admitted Prior Art, in view of Public Sector Consultants
    and Public Works.

## I. REJECTION UNDER 35 U.S.C. § 305

The Examiner rejected claim 54 under 35 U.S.C. § 305 as enlarging
the scope of the patent under reexamination. (Ans. 2.) The Examiner's
position is that claim 54 improperly enlarges the scope of the original patent
claims, because it recites a method of removing snow or ice from a surface
and fails to recite an anti-skid agent, whereas original claim 8, which is also
directed to a method of removing snow or ice from a surface, recites an anti-
skid agent. (Ans. 2.)

Patent Owner argues that when compared to original claim 7; claim
54 does not enlarge the scope of the previous claims, because claim 7 also
does not include an anti-skid agent. (App. Br. 18-19.) Although claim 7
relates to a method of preventing accumulation, not a method of removal,
Patent Owner contends that spreading the same composition on ice and snow

6

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

would both remove the ice and snow and prevent the further accumulation thereof. (*Id.*)

Accordingly, the issue with respect to the rejection under 35 U.S.C. § 305 is whether claim 54 should be compared to claim 7 or claim 8 in order to determine whether it enlarges the scope of the original Patent claims.

We are persuaded by Patent Owner's argument that claim 54 is properly compared to original claim 7, and when compared to original claim 7, claim 54 does not enlarge the scope of the previous claims, because claim 7 relates to a method of preventing accumulation, not a method of removal. (App. Br. 18-19.) That is, although claim 7 expressly recites a method of preventing the accumulation of ice or snow on a surface, the actual step of spreading recited in claim 7 is the same spreading step recited in claim 54. We agree with Patent Owner, that when spread on a surface containing accumulated ice or snow, the composition would inherently act to prevent further accumulation of ice or snow on the surface. (App. Br. 18.) Accordingly, we reverse the rejection of claim 54 under 35 U.S.C. § 305.

## II. REJECTION UNDER 35 U.S.C. § 112, 2ⁿᵈ PARAGRAPH

The Examiner rejected claim 54 because the preamble recites "ice or snow formed" whereas in the body of the claim recites "ice *and* snow formed." (Ans. 3.) Patent Owner asserts that the discrepancy is a result of a typographical error. (App. Br. 21.)

We are of the opinion that one of ordinary skill in the art would have understood the scope of claim 54. That is, the method step recited in claim 54 is spreading a composition on a surface. We do not agree that one of

7

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

ordinary skill in the art would be confused by the inconsistency in the claim noted by the Examiner. In addition, claim 54 is consistent with claims, 8, 9 and 55 which also interchangeably use "ice and snow" with "ice or snow." (App. Br., Claims App'x 53-66.) Accordingly, we reverse the rejection of claim 54 under 35 U.S.C. § 112, 2nd paragraph.

## III. REJECTIONS UNDER 35 U.S.C. § 102

### A.    REJECTION OF CLAIM 6

The Examiner rejected claim 6 under 35 U.S.C. § 102(b) as being anticipated by Public Works as evidenced by Public Sector Consultants. (Ans. 4.) Specifically, the Examiner found that Public Works discloses a mixture of DSBM and salts in a ratio of 8 gallons of DSBM per ton of salts as recited in claim 6. *Id.* Patent Owner argues that Public Works fails to anticipate the claimed ratio of eight gallons of DSBM per ton of rock salt because the ton of material in Public Works is a combination of 25% road salt and 75% crushed cinders, and as a result, the claimed ratio is not met. (App. Br. 24.)

Thus, the issue is whether Public Works discloses the ratio of DSBM to rock salt recited in the claim.

We agree with Patent Owner that Public Works fails to disclose the recited ratio. Public Works discloses using eight gallons of Ice Ban (DSBM) per ton of a salt mix. (Public Works 54.) The salt mix, however, is only 25% salt (Public Works 54) and therefore would not meet the claimed ratio. Public Works also discloses several other examples of using eight gallons of Ice Ban per ton of mix, but none of these examples explicitly teaches that the

8

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

mix is pure salt. (Public Works 53-54.) Thus, Public Works does not
disclose an embodiment having the ratio of DSBM to rock salt recited in
claim 6. As such, Public Works does not anticipate claim 6.


B.    REJECTION OF CLAIM 7

The Examiner rejected claim 7 under 35 U.S.C. § 102(b) as
anticipated by Daly as evidenced by Bulk Density Chart. As discussed
above, claim 7 recites a method of preventing the accumulation of ice or
snow on a surface, the method comprising spreading a composition of
DSBM and another component spread on the surface. The Examiner found
that because Daly discloses that DSBM remains in a fluid state and does not
freeze at temperatures as low as -30 °F, DSBM has the property of
preventing the accumulation of ice on a surface. (Ans. 4.)

Patent Owner argues that Daly discloses a tire filled with a liquid
ballast material and not a method for the prevention of ice or snow
accumulation by spreading a composition on a surface. (App. Br. 27.)

Thus, the issue with respect to this rejection is whether Daly discloses
the method recited in claim 7.

We agree with Patent Owner's argument that Daly fails to teach the
prevention of ice or snow accumulation. (App. Br. 27.) Daly discloses
using DSBM as tire ballast. (Col. 2, ln. 18 to col. 3, ln. 15.) Although Daly
discloses that DSBM remains fluid below freezing (col. 2, ll. 55-57), as
discussed above, Daly only discloses that DSBM is used to fill a tire, and
does not disclose a step of preventing accumulation of ice or snow on the
tire. (*See* App. Br. 27.) Thus, Daly does not anticipate claim 7.

9

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

## IV.    REJECTIONS UNDER 35 U.S.C. § 103(a)

The Examiner rejected the claims as obvious over Zdzislaw in combination with several other prior art references. (Ans. 24-34.) We address the points argued by Patent Owner with respect to the claims separately argued below.

### A.    REJECTION OF CLAIMS 1-5, 7, 11-17, 19-22, 28-30, 32-35, 38-41, 45-51, and 53

Claim 1, which is representative, recites a composition for deicing and inhibiting the formation of ice and snow on surfaces comprising from 25-99% by volume of DSBM and 1-75% by volume of a component, which may be a polyhydroxide alcohol.

The Examiner found that Zdzislaw discloses a DSBM composition that is used to prevent freezing of bulk materials, the composition further including polyhydroxide alcohols and water, the amounts of which are disclosed in terms of mass. (Ans. 24-26, 31.) The Examiner converted Zdzislaw's amounts based on mass into amounts based on volume using Daly and Bulk Density Chart for the purposes of providing the density values of each component. (Ans. 25-26.) In this regard, Daly teaches that the DSBM disclosed therein weighs between 8-11.6 lbs. /gallon compared to 11.7 lbs. /gallon for regular molasses. (Col. 2, ll. 40-43.) The Examiner employed the 11.6 lbs. /gallon value to convert the values disclosed in Zdzislaw to 4-47% DSBM and 11-85% alcohol by volume. (Ex. Ans. 25-26.) The Examiner then stated that these values overlap the range of 25-

10

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

99% DSBM mixed with 1-75% alcohol recited in claim 1. (Ans. 26.) The
Examiner also stated that the characteristics of the DSBM composition
disclosed in Zdzislaw could be adjusted according to the properties of the
bulk material and weather conditions and that Examples I-III in Zdzislaw
show that characteristics of the composition such as viscosity, freezing
temperature, and appearance are affected by the ratio of DSBM to alcohol.
(Ans. 26, citing Zdzislaw, p. 4, 1st paragraph.) The Examiner's position is
that it would have been obvious to alter the DSBM and alcohol amounts of
Zdzislaw to optimize the desired properties of a given batch of the product.
(Ans. 26.)

Patent Owner argues that Daly cannot be used to provide the density
of the DSBM disclosed in Zdzislaw because Daly does not disclose the same
type of DSBM as Zdzislaw. (App. Br. 41-43, 44.)

The dispositive issue pertaining to the combination of Zdzislaw, Daly,
and the Bulk Density Chart is whether it would have been obvious, in view
of this prior art, to one of ordinary skill in the art to have employed the
amounts of the DSBM and polyhydroxide alcohol recited in claim 1.

We are not persuaded by Patent Owner's argument. Zdzislaw
discloses using DSBM, made from a centrifuge process, as an anti-freezing
liquid. (Zdzislaw 2.)[2] Specifically, Zdzislaw discloses spraying a mixture
of polyhydroxide alcohols (10-85 parts by mass), DSBM (5-55 parts by
mass), water (10-60 parts by mass), and additives (0-10 parts by mass) on
bulk materials to prevent freezing during storage and transportation.

---

[2] Zdzislaw contains no page or paragraph numbers. All citations are to
pages 1 through 4 of the four page English translation.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

(Zdzislaw 2, 4.) Daly teaches creating DSBM using the Steffen process
(Daly, col. 2, ll. 48-51.), in contrast to Zdzislaw's centrifuge process. The
centrifuge process and Steffen process are both acknowledged in the '330
Patent as two known methods of obtaining suitable DSBM. (Col. 5, ll. 6-
43.)

Thus, although the density of the DSBM disclosed in Daly may not be
the exact density of the DSBM in Zdzislaw,[3] the rejection further relied on
the concept that Zdzislaw's composition could have been optimized to the
claimed volume percentage amounts. We agree with the Examiner that
Zdzislaw shows that the properties of the composition with respect to
appearance, freezing temperature, and viscosity can be adjusted by varying
the amounts of the components in the composition. Accordingly, we agree
with the Examiner that it would have been obvious to have optimized the
amounts of DSBM and alcohol to those falling within the recited ranges
based on the desired properties of the resulting composition.

Patent Owner also argues that the record contains sufficient evidence
of secondary considerations to overcome the *prima facie* case of
obviousness. (App. Br. 46-52.) We agree with the Examiner's position that
the submitted evidence lacks a nexus with the claimed subject matter. (Ex.
Ans. 73-76.) Patent Owner submits news reports praising GEOMELT (the
commercial product of a composition alleged to fall within the scope of the

---

[3] The '330 Patent teaches that both the Steffen process (Daly) and the
centrifuge process (Zdzislaw) creates suitable DSBM. (Col. 5, ll. 43-44.)
Both DSBMs are also capable of being sprayed, undiluted, from a nozzle.
(Col. 5, ll. 49-52). Thus, we are unconvinced that the densities of the two
DSBMs would be so different as to result in values outside the broad range
of DSBM recited in claim 1.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

claims). For example, the report "Beet Juice Beats Salt"[4] praises a
combination of DSBM and salt because it performs better than salt alone.
However, Public Works already had disclosed that mixing Ice Ban[5] with salt
performs better than salt alone. (Public Works 54.) Thus, the "Beet Juice
Beats Salt" article is indicative of a well-known fact from the art, namely
that a salt-DSBM mixture works better than salt alone and is insufficient to
establish a nexus between the claimed subject matter and the evidence
presented. *See Tokai Corp. v. Easton Enters, Inc.*, 632 F.3d 1358, 1369
(Fed. Cir. 2011).

Likewise, Zdzislaw discloses that DSBM mixtures were used for
deicing. (Zdzislaw, p. 4.) The declarations from the licensees and from the
Patent Owner, fail to establish that the commercial success of GEOMELT is
due to the elements of the claimed mixture extending beyond the well-
known de-icing properties of DSBM mixtures. For these reasons, we find
the evidence of secondary considerations unpersuasive.

B.    CLAIMS 3, 5, 8-14, 18, 23, 25-27, 30 31, 36-37, 45 and 52

Claim 5 is representative of the subject matter argued by Patent
Owner and recites a composition comprising a mixture of DSBM and
chloride salt. The Examiner combines Zdzislaw with Public Sector
Consultants in order to replace the alcohol used in combination with the

---

[4] "Beet Juice Beats Salt," NEWSCHANNEL 3, February 27, 2008. (App.
Br. Ev. App'x E.)

[5] Ice Ban is a desugared molasses product made from fermenting several
products including sugar beets and was found to be a DSBM product by the
Examiner.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

DSBM disclosed in Zdzislaw with the salt disclosed in Public Sector
Consultants. (Ans. 29-30.) The Examiner then relies on Public Works for
the appropriate amount of salt that would be used in the composition. (*Id.*)

Patent Owner argues that Public Sector Consultants is not a printed
publication and cannot be used as prior art. (App. Br. 44-46.) Patent Owner
further contends that Public Works does not teach mixing 13% DSBM to
87% road salt (by volume) as asserted by the Examiner. (App. Br. 36-37.)

Accordingly, the additional issues raised with respect to the rejection
of these claims are: (1) whether Public Sector Consultants was available as
a printed publication, and (2) whether Public Works discloses mixing 13%
DSBM to 87% road salt (by volume).

*Issue 1*

A reference may be considered a printed publication upon showing
the document is available to one of ordinary skill who exercises reasonable
diligence in locating it. *In re Wyer*, 655 F.2d 221, 210 (CCPA 1981).
Public Sector Consultants is a study commissioned by the Michigan
Department of Transportation. (Public Sector Consultants 1.) A press
release issued in December 1994 entitled "Road Salt: Still the Deicer of
Choice" discusses this study.[6] In the final paragraph, the press release states
"[f]or a copy of the study, contact Andy Zeigler, MDOT Environmental
Section, P.O. Box 30050, Lansing, MI 48909." (*See* Ans. 69.) Thus, Public
Sector Consultants was available with reasonable diligence (i.e., upon

---

[6] See *Road Salt: Still the Deicer of Choice* by Kristine Bradof,
cseo.mtu.edu/community/publications/wellspring/salt_follow-up.html
(*hereinafter* "the press release") entered into the record by the Examiner on
June 14, 2012.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

request) in 1994. Therefore, we find Patent Owner's argument
unpersuasive.

### Issue 2

The Examiner asserted that Public Works discloses mixing 13%
DSBM to 87% road salt (by volume). (App. Br. 36-37; Ans. 12-13.) We
agree. Public Works teaches mixing eight gallons of DSBM per ton of a
25/75% mix of road salt and crushed cinders. (Public Works 54.) The
Examiner's position is that the ratio of 25/75% is given by mass.[7] (Ex. Ans.
59.) We find the Examiner's position is consistent with the reference,
because the 25/75 mixture is referred to by mass (i.e. a ton of the mix).
(Public Works 54.) Also, references to salt (and salt prices) in Public Works
are by mass ($200/ton). (Public Works 53-54.) As such, a person of
ordinary skill would have understood that the salt/cinder mixture was also
presented by mass. *In re Preda*, 401 F.2d 825, 826 (CCPA 1968).

We are also not persuaded by Patent Owner's argument that Public
Works would not convey to one of ordinary skill in the art that a range of
ratios of DSBM to rock salt could be employed. (App. Br. 37.) Public
Works discloses two field tests using DSBM for ice/snow removal. (Public
Works 53-54.) The first field test used pure DSBM sprayed from a nozzle
and the second field test mixed DSBM with salt in the 13/87 ratio discussed
supra. (Public Works 53-54.) The Examiner's position is that these two
embodiments teach a range for the use of DSBM with salt, from 100/0% to

---

[7] Based on the mix containing 25% salt, (i.e. 500 pounds of salt per 8 gallons
of DSBM), the Examiner determined that Public Works teaches a 13/87%
(by volume) mixture of DSBM to salt. (Ans. 12-13 and 29.)

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

13/87%. (Ans. 29.) Patent Owner argues that no such range is taught or implied. (App. Br. 37.) However, consistent with our discussion above, Public Works provides further supporting evidence for the Examiner's position that it would have been obvious to optimize the ratio for the ideal mixture of DSBM and salt. Thus, Patent Owner's argument does not persuade us that the Examiner's rejection is in error.

## C.    CLAIM 6

Patent Owner presents two additional arguments with respect to claim 6, which relate to the obviousness rejections. First, Patent Owner argues that Public Sector Consultants fails to establish that the term "road salt" is synonymous with the term "rock salt" as suggested by the Examiner. (App. Br. 23.) In this regard, Public Works teaches mixing eight gallons of DSBM with road salt, while claim 6 recites a mixture of DSBM with rock salt. (Public Works 54, App. Br., Claims App'x 54.) The Examiner turned to the heading in Public Sector Consultants that states "Sodium Chloride (Road/Rock Salt)" to support the position that road salt and rock salt are synonyms for the same substance. (Ans. 4, Public Sector Consultants 73.) We are of the position that the portions of Public Sector Consultants relied on by the Examiner support the position that road salt is understood by one of ordinary skill in the art to be rock salt. Patent Owner presents no persuasive evidence to the contrary. Thus, we are not persuaded by Patent Owner's argument.

Patent Owner also reiterates the argument that Public Works does not teach mixing eight gallons of DSBM to a ton of rock salt. (App. Br. 44.)

16

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

We agreed with Patent Owner that Public Works does not anticipate this feature as discussed *supra*. The Examiner's rejection under 35 U.S.C. § 103(a), however, stated that it would have been obvious to optimize the ratio of DSBM product and rock salt. (Ans. 30.) Further, Public Works teaches three different examples of mixing eight gallons of DSBM product to a ton of "mix." (Public Works 53-54.) Thus, the Examiner's rejection is sufficient to support a conclusion that it would have been obvious to optimize to the recited ratio of 8 gallons per ton of rock salt, when using a "mix" of pure rock salt.

D.    OTHER REJECTIONS

Because we affirm the Examiner's decision to reject all of the claims subject to reexamination as obvious over Zdzislaw et al., we find it unnecessary to reach the remaining rejections under 35 U.S.C § 103. *Cf. In re Gleave*, 560 F.3d 1331, 1334 (Fed. Cir. 2009); *Beloit Corp. v. Valmet Oy*, 742 F.2d 1421, 1423 (Fed. Cir. 1984) (Having decided a single dispositive issue, the ITC was not required to review other matters decided by the presiding officer).

DECISION

The Examiner's decision to reject claims 1-23 and 25-55 over Zdzislaw et al. in combination with various other references is affirmed.

However, we reverse the rejections of claim 54 under 35 U.S.C. § 305 and 35 U.S.C. § 112, 2nd paragraph.

17

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

We reverse also the rejection of claim 6 under 35 U.S.C. § 102(b) and
the rejection of claim 7 under 35 U.S.C. § 102(b).

We do not reach the remaining rejections.

## AFFIRMED

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

THIRD PARTY REQUESTER:

CHRISTENSEN, O'CONNOR, JOHNSON, KINDNESS, PLLC
1420 FIFTH AVENUE
SUITE 2800
SEATTLE, WA 98101-2347



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,713 | 05/26/2011 | 6,080,330 | UNUH36516 | 6831 |

1009        7590        04/28/2015
KING & SCHICKLI, PLLC
247 NORTH BROADWAY
LEXINGTON, KY 40507

| EXAMINER |
|---|
| XU, LING X |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3991 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/28/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————

*Ex Parte* Natural Alternatives, LLC

Appeal 2013-009547
Reexamination Control Nos. 90/010,381; 90/011,454; and 90/011,713
Patent 6,080,330
Technology Center 3900

———————

Before ROMULO H. DELMENDO, JEFFREY B. ROBERTSON, and
RAE LYNN P. GUEST, *Administrative Patent Judges.*

ROBERTSON, *Administrative Patent Judge.*

DECISION ON REQUEST FOR REHEARING

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

Patent Owner Natural Alternatives, LLC (hereinafter "Patent Owner") requests rehearing (Request for Rehearing filed July 29, 2014, "Req. Rh'g") of the Decision mailed May 30, 2014 ("Decision") in which we affirmed the Examiner's decision to reject claims 1–23 and 25–55 of United States Patent 6,080,330 (hereinafter "the '330 Patent") over Zdzislaw[1] in combination with various other references.  (Decision 17.)

Patent Owner contends that the Decision misapprehended or overlooked the following:

1. The rejection of claims 54 and 55 over prior art (Req. Rh'g 1–2);

2. In affirming the rejection over Zdzislaw and other prior art, the Decision sets forth an undesignated new ground of rejection (Req. Rh'g 2–5);

3. The substance of Zdzislaw because Patent Owner has not admitted the Zdzislaw discloses suitable desugared sugared beet molasses (DSBM) (Req. Rh'g 5–6);

4. The nexus between the evidence of secondary considerations and the claims (Req. Rh'g 7–9);

5. Public Works[2] does not disclose DSBM (Req. Rh'g 9–10); and

6. The lack of supporting evidence for the Examiner's position that it would have been obvious to optimize the ratio for a mixture of DSBM and salt in Public Works (Req. Rh'g 10–11).

---

[1] Zdzislaw (PL 164018 B1, published Nov. 7, 1990)

[2] Public Works (Winter is Hell, Public Works, July 1997, pgs. 53–54.)

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

### *Point 1: Claims 54 and 55*

Patent Owner contends that we overlooked the Examiner's rejections of claims 54 and 55 because the rejections of those claims are not addressed in the Decision. (Req. Rh'g 1–2.) We disagree. The Decision lists claims 54 and 55 as rejected under 35 U.S.C. § 103(a) as obvious over Zdzislaw as evidenced by Daly and Bulk Density Chart. (Decision 5.) Patent Owner presented arguments for the rejection of claims 7, 16, 17, 19, 20, 28, 32–35, 42–44, 54, and 55 as obvious over Zdzislaw as evidenced by Daly and Bulk Density Chart (numbered Rejection 15 in the Decision). (App. Br. 41–43.) For the rejection of claims 1, 2, 4, 15, 22, 29, 38–41, and 53 as obvious over Zdzislaw as evidenced by Daly, Bulk Density Chart, and Patent Owner's Admitted Prior Art (numbered Rejection 17 in the Decision), Patent Owner referred to the arguments made for Rejection 15. (App. Br. 44.) For the purpose of our decision, we selected claim 1 as representative of Rejection 17, and, although claim 1 was not subject to Rejection 15, we discussed claim 1 taking account of the arguments made for Rejection 15. (*See* Decision 10–12.)

We are unpersuaded by Patent Owner's arguments for the rejection of claims 7, 16, 17, 19, 20, 28, 32-35, 42-44, 54, and 55 (Rejection 15) for the same reasons as articulated in the Decision for Rejection 17. In this regard, Patent Owner did not provide separate arguments regarding the patentability of claims 54 and 55, which would have warranted a separate discussion of those claims. (*See* Decision 10; App. Br. 41–43; Reb. Br.) Thus, although the heading in the discussion of the obviousness rejections inadvertently omits claims 54 and 55 (as well as claims 42–44) (Decision 10), the

3

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

Decision states clearly that the Examiner's rejections of the claims as obvious over Zdzislaw in combination with other prior art references are affirmed, and lists claims 54 and 55. (Decision 5, 10, 17.) Accordingly, contrary to Patent Owner's presumption that claims 54 and 55 are allowable, the Decision affirmed the Examiner's rejection of claims 54 and 55. Therefore, we did not misapprehend or overlook the rejection of claims 54 and 55.

*Point 2- Rejections over Zdzislaw*

Patent Owner contends that at least with respect to claims 1–5, 11–15, 21, 22, 29, 30, 38–41, 45–51, and 53, the Examiner relied on Daly,[3] Bulk Density Chart,[4] as well as Patent Owner admissions, while the Decision does not refer to Patent Owner admissions. (Req. Rh'g 2.) As a result, Patent Owner argues that the Decision sets forth a new ground of rejection. (Req. Rh'g 2–3.)

We are not persuaded that the Decision relies on a new ground of rejection. The Decision lists the ground of rejection set forth by the Examiner as including "Patent Owner's Admitted Prior Art." (Decision 6, Rejection 17.) As explained above, with respect to the rejection, Patent Owner, in the Appeal Brief, relied on the arguments made pertaining to the rejection of the claims 7, 16, 17, 19, 20, 28, 32–35, 42–44, 54, and 55 (i.e., Decision Rejection 15). (App. Br. 41, 43-44.) In this regard, Patent Owner

---

[3] Daly            US 5,639,319            June 17, 1997
[4] Bulk Density Chart (website listing bulk densities of various materials, http://replay.web.archive.org/20021011113247/http://www.mpd-inc.com/material.htm, accessed May 12, 2011.)

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

argued that no admissions were made in the '330 Patent regarding the density of products produced by the two processes to produce DSBM disclosed in the '330 Patent and that the '330 Patent discloses expressly that the products produced by the two processes are different. (App. Br. 43)

The Examiner relied on admissions from the Patent Owner, that DSBM produced by the two most common processes perform equally well for the purposes of the claimed composition. (Ans. 31–32.) The Examiner stated further that DSBM products produced by each of the processes would have the "same/similar physical properties, such as density, that are within the general range as that of the processed DSBM product disclosed in Daly." (Ans. 66.) The Decision states expressly that '330 Patent acknowledges that two known methods are used for obtaining DSBM. (Decision 12, citing '330 Patent col. 5, ll. 6–43.) The Decision stated further that, because the '330 Patent discloses that both processes produce a suitable DSBM, the densities of the two DSBM would not be so different as to result in values outside the broad range of DSBM recited in claim 1. (Decision 12, FN3.) Thus, the Decision's treatment of Patent Owner's Admitted Prior Art is consistent with the Examiner's treatment of the same. Accordingly, the Decision did not set forth an undesignated new ground of rejection.

Patent Owner argues also that the Decision does not address the requirement in the claims that the DSBM has 60-75% suspended solids. (Req. Rh'g 3.) As an initial matter, we note that Patent Owner previously did not argue that the combination of prior art references in the rejection did not meet the suspended solids limitation in the claims. (*See* App. Br. 41–43, 44.) Accordingly, Patent Owner's argument is a new argument that is not

5

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

permitted in a request for rehearing. (*See* 37 C.F.R. § 41.52(a)(1).) To the
extent Patent Owner's argument is related to the position that the compounds
of Zdzislaw and Daly are different compounds, we again point to the above
discussion that the '330 Patent discloses that producing DSBM by two
known methods results in a DSBM product that is suitable for use in the
claims. (See the '330 Patent, col. 5, ll. 41–43, 49-50.) We note additionally
that the Examiner's rationale with respect to the solids content is based on
the position that it would have been obvious to adjust the solids content in
order to adjust the viscosity and appearance of the DSBM composition.
(Ans. 32–33.)

Patent Owner contends also that in affirming the Examiner's
rejections based on Zdzislaw that the Decision relies on Zdzislaw alone
rather than the combination of references relied on by the Examiner. (Req.
Rh'g 3-4.) We disagree. The Decision makes clear the combination of
references relied upon by the Examiner as pertaining to the issues raised by
Patent Owner in the Appeal Brief. (Decision 5, 6, 10, and 11.) The
discussion in the Decision is consistent with the Examiner's rationale for
concluding the claims would have been obvious in view of the prior art of
record. (Decision 11–12.) Specifically, the Decision stated expressly that
the Examiner relied on the concept that Zdzislaw's compositions could have
been optimized to the claimed volume percentage amounts. (Decision 12.)
Accordingly, Patent Owner had been informed that the Decision relied on
this rationale set forth by the Examiner. Thus, the Decision does not set
forth a new ground of rejection, but merely affirmed the Examiner's
rationale.

6

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

### *Point 3-Composition of Zdzislaw*

Patent Owner contends that the Decision overlooks that Zdzislaw does not disclose DSBM at all and that the process of Zdzislaw is not the same as the prior art process disclosed in the '330 Patent. (Req. Rh'g 4–6.) Patent Owner previously did not argue that Zdzislaw did not disclose DSBM at all or that the process disclosed in the '330 Patent was different than the process disclosed in Zdzislaw. (*See* App. Br. 41–43, 44.) Accordingly, Patent Owner's argument is a new argument that is not permitted in a request for rehearing. (*See* 37 C.F.R. § 41.52(a)(1).) To the extent, Patent Owner is relying on previous arguments that the compounds of Daly and Zdzislaw are different compounds, those arguments have been addressed above.

We observe also that Zdzislaw discloses: "Molasses is a by-product of sugar from sugar beets. Molasses is obtained after centrifuging sugar from concentrated beet juice." (Zdzislaw 3.) Notwithstanding the differences in compositions noted by Patent Owner (Req. Rh'g 4–6), Patent Owner has not provided sufficient evidence that would explain why one of ordinary skill in the art would not have considered this disclosure in Zdzislaw to refer to desugared sugared beet molasses (DSBM). Patent Owner has not explained why one of ordinary skill in the art would not have understood Zdzislaw to be referring to the "older" of the two prior art process disclosed in the '330 Patent in view of the admissions in the '330 Patent that centrifuging was involved in a widely known process to produce DSBM, and that Zdzislaw was published prior to the "more modern" Steppen process set forth in Daly. ('330 Patent, col. 5, ll. 10–28.)

7

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

### *Point 4- Nexus*

Patent Owner contends that in evaluating the evidence of secondary considerations, the Decision overlooks that Public Works does not disclose the claimed DSBM, such that any reference thereto is "misguided and irrelevant" and the Decision does not address the argument that the two substances are not the same. (Req. Rh'g 7.) Patent Owner argues that the Decision overlooked three other news articles submitted in Evidence Appendices F-H. (Req. Rh'g 7–8.) Patent Owner contends also that the Decision's assessment of the declarations from the licensees is inconsistent with the evidence of record, because if the specifics of the claims were not important, there would have been no need for the license agreements, and that using the term "patented" in the licensing agreement provides a nexus between the documents and the claimed invention. (Req. Rh'g 8–9.) Patent Owner argues the Decision overlooks that other customer declarations in Appendix J provide specific advantages as a result of the claims. (Req. Rh'g 9.) Patent Owner contends that the Decision overlooks the various city council documents presented in Appendix I, which provide a nexus to the claims. (Req. Rh'g 9.)

We are not persuaded that we misapprehended or overlooked Patent Owner's evidence of secondary considerations.

As further discussed infra with reference to Point 5, we are not persuaded that the Ice Ban product in Public Works does not disclose a DSBM because as argued by Patent Owner, the molasses discussed therein is produced by a fermentation process. Public Works discloses a molasses

8

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

of beet sugar syrup with much of the sugar removed. (Public Works 53.)
Public Works discloses that Ice Ban is biologically and environmentally
inert, non-corrosive, and has no adverse effect on roads. (Public Works 53.)
We observe that Patent Owner has not directed our attention to evidence that
demonstrates that the success of the GEOMELT product relates to
advantages over DSBM product that is produced by fermentation, such as
the Ice Ban product disclosed in Public Works.

In the Decision, we agreed with the Examiner's position that the
submitted evidence lacks a nexus with the claimed subject matter. (Decision
12-13, Ans. 73–76.) In discussing Patent Owner's evidence, the Examiner
refers expressly to the Exhibits referred to by Patent Owner as detailed
above. (Ans. 72–76.) We considered all of the evidence and concluded that
it was insufficient to outweigh the evidence of obviousness, because the
mixture of salt and DSBM was already well known to be advantageous and
that a salt-DSBM mixture works better than salt alone. (Decision 12–13.)
Patent Owner's emphasis on the Exhibits not discussed expressly in the
Decision does not change our assessment.

### Point 5- Public Works

Patent Owner contends that with respect to claims 3, 5, 6, 8–14, 18.
23. 25–27, 30, 31, 36, 37, and 45–52, the Decision overlooks that Patent
Owner argued any reliance on Public Works is unfounded because the Ice
Ban disclosed therein is a fermentation product, and is different from the
claimed DSBM. (Req. Rh'g 10, citing App. Br. 43–44, 23–26.)

9

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

We agree that we did not address Patent Owner's argument in the Decision. However, upon further consideration, we decline to change the Decision. Public Works discloses a molasses of beet sugar syrup with much of the sugar removed. (Public Works 53.) The Examiner relied on Public Works in concluding that the mixture of DSBM and rock salt, as taught by Zdzislaw and Public Sector Consultants, in the ratios claimed would have been obvious to one of ordinary skill in the art. (Ans. 35–36; Decision 14.) Thus, we are not convinced that it was inappropriate for the Examiner to rely on Public Works, as argued by Patent Owner, as evidence that the claimed DBSM to salt ratio would have been obvious.

*Point 6- Support Evidence for Obviousness Rationale*

Patent Owner contends that the Decision does not discuss optimizing ratios with respect to Public Works, nor is there any supporting evidence in Public Works that would lead to any optimization of ratios relating to a mixture of DSBM and rock salt. (Req. Rh'g 10–11.) In the Decision, we stated:

> We are also not persuaded by Patent Owner's argument that Public Works would not convey to one of ordinary skill in the art that a range of ratios of DSBM to rock salt could be employed. (App. Br. 37.) Public Works discloses two field tests using DSBM for ice/snow removal. (Public Works 53-54.) The first field test used pure DSBM sprayed from a nozzle and the second field test mixed DSBM with salt in the 13/87 ratio discussed supra. (Public Works 53-54.) The Examiner's position is that these two embodiments teach a range for the use of DSBM with salt, from 100/0% to 13/87%. (Ans. 29.) Patent Owner argues that no such range is taught or implied. (App. Br. 37.) However, consistent with our discussion above, Public

10

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

> Works provides further supporting evidence for the Examiner's
> position that it would have been obvious to optimize the ratio for
> the ideal mixture of DSBM and salt. Thus, Patent Owner's
> argument does not persuade us that the Examiner's rejection is
> in error.
> (Decision 15-16.)

The "discussion above" refers to the reproduced discussion of the
embodiments disclosed in Public Works and our agreement with the
Examiner that such embodiments were sufficient to convey to one of
ordinary skill in the art to optimize the ratio of DSBM and salt depending on
the conditions. Contrary to Patent Owner's allegations, we did not rely on
three different examples of the same mixing ratio of Ice Ban and salt to
provide support for a range. We did not overlook any alleged absence of
supporting evidence. Rather, we agreed with the Examiner that one of
ordinary skill in the art would have appreciated that different ratios of
DSBM and salt could be employed from the disclosure in Public Works.
Accordingly, we did not misapprehend or overlook the disclosure of Public
Works.

Thus, we have granted Patent Owner's request to the extent of the
comments made herein. However, we decline to make any changes in the
outcome to the Decision mailed May 30, 2014.

<u>DENIED</u>

11

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

PATENT OWNER:

KING & SCHICKLI, PLLC
247 NORTH BROADWAY
LEXINGTON KY 40507

THIRD PARTY REQUESTER:

CHRISTENSEN, O'CONNOR, JOHNSON, KINDNESS, PLLC
1420 FIFTH AVENUE
SUITE 2800
SEATTLE, WA 98101-2347

## CERTIFICATE OF SERVICE

I hereby certify that on the ____ day of _____ 2015, a true copy of this Status Inquiry as filed in Reexam Control Nos. 90/010,381, 90/011,454, and 90/011,713 was served in the manner listed below:

Via U.S. Mail to:

Laura A. Cruz, Esq.
Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Suite 2800
Seattle, Washington 98101

Executed on _____ , 2015.

_____
(signature)

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 19718667 |
| **Application Number:** | 90010381 |
| **International Application Number:** | |
| **Confirmation Number:** | 9295 |
| **Title of Invention:** | ANTI-FREEZING AND DEICING COMPOSITION AND METHOD |
| **First Named Inventor/Applicant Name:** | 6,080,330 |
| **Customer Number:** | 1009 |
| **Filer:** | Andrew D. Dorisio/Veronica Castro-Orozco |
| **Filer Authorized By:** | Andrew D. Dorisio |
| **Attorney Docket Number:** | UNUI132158 |
| **Receipt Date:** | 29-JUL-2014 |
| **Filing Date:** | 23-JAN-2009 |
| **Time Stamp:** | 17:15:54 |
| **Application Type:** | Reexam (Patent Owner) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Request for Rehearing of Patent Board Decision | RequestforRehearing.pdf | 504597 29a4b33e1f3877ab7d33d9832b44c0325e4e 3f46ee | no | 12 |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 504597 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 19718713 |
| **Application Number:** | 90011454 |
| **International Application Number:** | |
| **Confirmation Number:** | 5298 |
| **Title of Invention:** | ANTI-FREEZING AND DEICING COMPOSITION AND METHOD |
| **First Named Inventor/Applicant Name:** | 6,080,330 |
| **Customer Number:** | 1009 |
| **Filer:** | Andrew D. Dorisio/Veronica Castro-Orozco |
| **Filer Authorized By:** | Andrew D. Dorisio |
| **Attorney Docket Number:** | UNUI136134 |
| **Receipt Date:** | 29-JUL-2014 |
| **Filing Date:** | 21-JAN-2011 |
| **Time Stamp:** | 17:17:25 |
| **Application Type:** | Reexam (Patent Owner) |

## Payment information:

| Submitted with Payment | no |
|---|---|

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Request for Rehearing of Patent Board Decision | RequestforRehearing.pdf | 504597 | no | 12 |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 504597 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 19718756 |
| **Application Number:** | 90011713 |
| **International Application Number:** | |
| **Confirmation Number:** | 6831 |
| **Title of Invention:** | ANTI-FREEZING AND DEICING COMPOSITION AND METHOD |
| **First Named Inventor/Applicant Name:** | 6,080,330 |
| **Customer Number:** | 1009 |
| **Filer:** | Andrew D. Dorisio/Veronica Castro-Orozco |
| **Filer Authorized By:** | Andrew D. Dorisio |
| **Attorney Docket Number:** | UNUI136516 |
| **Receipt Date:** | 29-JUL-2014 |
| **Filing Date:** | 26-MAY-2011 |
| **Time Stamp:** | 17:19:05 |
| **Application Type:** | Reexam (Patent Owner) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Request for Rehearing of Patent Board Decision | RequestforRehearing.pdf | 504597<br>268ce1900567085745189d2b3b01523ede92bf54ae | no | 12 |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 504597 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

**ORIGINAL**

**RECEIPT FOR PAYMENT**

# United States Court of Appeals
# For The Federal Circuit

OFFICE OF THE CLERK

Received From: Stern·Kessler·Goldstein·Fox (NAME)

Washington·DC (ADDRESS)

(DATE) 7.1.15

| NON-APPROPRIATED ACCOUNT | AMOUNT | |
|---|---|---|
| Admission Fee 90/010,381 | 500 | 00 |
| 90/011,454 | | |
| 90/011,713 | | |
| | | |
| Duplicate Cert. of Admission | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Clerk ☐    57897 | TOTAL  500 | 00 |
| Deputy Clerk ☒ | | |
| ☐ | | |

Cash ☐    Check ☒    MONEY ORDER ☐

30104    43789

Standard Register ®

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| In re Natural Alternatives, LLC | ) | |
| Reexamination Control Nos.: 90/010,381; 90/011,454 | ) | Appeal No. 2015- |
| and 90/011,713 | ) | |
| Filed: January 9, 2009; January 21, 2011; | ) | |
| May 26, 2011 | ) | |
| Patent No. 6,080,330 | ) | |
| For:  ANTI-FREEZING AND DEICING | ) | |
| COMPOSITION AND METHOD | ) | |

## NOTICE FORWARDING CERTIFIED LIST

A notice of appeal to the United States Court of Appeals for the Federal Circuit was

timely filed on June 29, 2015, in the United States Patent and Trademark Office in connection

with the above-identified *ex parte* reexamination proceedings.  Pursuant to 35 U.S.C. § 143 and

Federal Circuit Rule 17(b)(1), the United States Patent and Trademark Office (USPTO) is today

forwarding a certified list of documents comprising the record in the USPTO.

Mary L. Kelly is representing the Director in this appeal.


Respectfully submitted,


Michelle K. Lee
Deputy Under Secretary of Commerce
for Intellectual Property and Deputy Director
of the United States Patent and Trademark Office


Date: August 10, 2015        By: *Macia L. Fletcher*

Macia L. Fletcher
Paralegal Specialist
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
571-272-9035

| | | | |
|---|---|---|---|
| | | Due Date: | June 29, 2015 |
| Patentees: | BLOOMER | Art Unit: | 3991 |
| | | Confirmation No.: | 5298, 9295, and 6831 |
| Appeal No.: | 2013-009547 | Examiner: | XU, Ling X. |
| Reexamination Nos.: | 90/010,381; 90/011,454; and 90/011,713 | Docket: | UNUI136516 |
| For: | Anti-Freezing and Deicing Composition and Method | Atty: | RGS/JEW |

When receipt stamp is placed hereon, the USPTO acknowledges receipt of the following documents:

5. Cover Letter to the USPTO;
6. Appellant's Petition for Review to the Court of Appeals for the Federal Circuit in Accordance with 37 C.F.R. §§ 90.2;
7. Certificate of Service; and
8. Appellant's Postcard to USPTO.

**Please Date Stamp and Return to Our Courier**

Mail Stop: 8



JON E. WRIGHT
DIRECTOR
(202) 772-8651
JWRIGHT@SKGF.COM



June 29, 2015

**Mail Stop 8**
Attn:  Office of General Counsel
Director of United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA  22313-1450

> Re:  Patent Trial and Appeal Board, Decision on Appeal No. 2013-009547
> Decision on Rehearing:  April 28, 2015
> For: **Anti-Freezing and Deicing Composition and Method**
> Inventors:  BLOOMER
> Our Ref:  3692.0000000

Commissioner:

Delivered herewith for appropriate action are the following documents:

1.  Appellant's Petition for Review to the Court of Appeals for the Federal Circuit in Accordance with 37 C.F.R. § 90.2;

2.  Certificate of Service; and

3.  Appellant's Postcard to USPTO.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

> Respectfully submitted,
>
> STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
>
> /s/ Jon E. Wright
>
> Robert Greene Sterne, Registration No. 28,912
> Jon E. Wright, Registration No. 50,720
> Attorneys for Appellant

RGS/JEW/dbm
Enclosure(s)
1708808_1

Form 5

FORM 5. Petition for Review or Notice of Appeal of an Order or Decision of an AGENCY, BOARD, COMMISSION, OFFICE OR BUREAU.

## United States Court of Appeals for the Federal Circuit

Natural Alternatives, LLC _____,    Petitioner or Appellant,

v.    **PETITION FOR REVIEW**

USPTO _____,    Respondent or Appellee.

Natural Alternatives, LLC hereby petitions the Court for review of the Decision on Appeal (Appeal No. 2013-009547 re: Reexamination Nos. 90/010,381; 90/011,454; and 90/010,713) of the Patent Trial and Appeal Board (PTAB) entered on May 30, 2014, with the Decision on Request for Rehearing entered on April 28, 2015.

/s/ Jon E. Wright _____
Robert Greene Sterne
Jon E. Wright
Sterne, Kessler, Goldstein & Fox, PLLC
1100 New York Avenue, NW
Suite 600
Washington, DC 20005
(202) 772-8555
RSTERNE@skgf.com
JWRIGHT@skgf.com

*See Fed. R. App. P. 15 for permissible ways of identifying petitioners.

113



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/010,381 | 01/23/2009 | 6,080,330 | UNUI132158 | 9295 |

1009        7590        04/28/2015
KING & SCHICKLI, PLLC
247 NORTH BROADWAY
LEXINGTON, KY 40507

| EXAMINER |
|---|
| XU, LING X |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3991 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/28/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

*Ex Parte* Natural Alternatives, LLC

Appeal 2013-009547
Reexamination Control Nos. 90/010,381; 90/011,454; and 90/011,713
Patent 6,080,330
Technology Center 3900

_____

Before ROMULO H. DELMENDO, JEFFREY B. ROBERTSON, and
RAE LYNN P. GUEST, *Administrative Patent Judges*.

ROBERTSON, *Administrative Patent Judge*.

DECISION ON REQUEST FOR REHEARING

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

Patent Owner Natural Alternatives, LLC (hereinafter "Patent Owner") requests rehearing (Request for Rehearing filed July 29, 2014, "Req. Rh'g") of the Decision mailed May 30, 2014 ("Decision") in which we affirmed the Examiner's decision to reject claims 1–23 and 25–55 of United States Patent 6,080,330 (hereinafter "the '330 Patent") over Zdzislaw[1] in combination with various other references.  (Decision 17.)

Patent Owner contends that the Decision misapprehended or overlooked the following:

1.  The rejection of claims 54 and 55 over prior art (Req. Rh'g 1–2);

2.  In affirming the rejection over Zdzislaw and other prior art, the Decision sets forth an undesignated new ground of rejection (Req. Rh'g 2–5);

3.  The substance of Zdzislaw because Patent Owner has not admitted the Zdzislaw discloses suitable desugared sugared beet molasses (DSBM) (Req. Rh'g 5–6);

4.  The nexus between the evidence of secondary considerations and the claims (Req. Rh'g 7–9);

5.  Public Works[2] does not disclose DSBM (Req. Rh'g 9–10); and

6.  The lack of supporting evidence for the Examiner's position that it would have been obvious to optimize the ratio for a mixture of DSBM and salt in Public Works (Req. Rh'g 10–11).

---

[1] Zdzislaw (PL 164018 B1, published Nov. 7, 1990)
[2] Public Works (Winter is Hell, Public Works, July 1997, pgs. 53–54.)

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

### Point 1: Claims 54 and 55

Patent Owner contends that we overlooked the Examiner's rejections of claims 54 and 55 because the rejections of those claims are not addressed in the Decision. (Req. Rh'g 1–2.) We disagree. The Decision lists claims 54 and 55 as rejected under 35 U.S.C. § 103(a) as obvious over Zdzislaw as evidenced by Daly and Bulk Density Chart. (Decision 5.) Patent Owner presented arguments for the rejection of claims 7, 16, 17, 19, 20, 28, 32–35, 42–44, 54, and 55 as obvious over Zdzislaw as evidenced by Daly and Bulk Density Chart (numbered Rejection 15 in the Decision). (App. Br. 41–43.) For the rejection of claims 1, 2, 4, 15, 22, 29, 38–41, and 53 as obvious over Zdzislaw as evidenced by Daly, Bulk Density Chart, and Patent Owner's Admitted Prior Art (numbered Rejection 17 in the Decision), Patent Owner referred to the arguments made for Rejection 15. (App. Br. 44.) For the purpose of our decision, we selected claim 1 as representative of Rejection 17, and, although claim 1 was not subject to Rejection 15, we discussed claim 1 taking account of the arguments made for Rejection 15. (*See* Decision 10–12.)

We are unpersuaded by Patent Owner's arguments for the rejection of claims 7, 16, 17, 19, 20, 28, 32-35, 42-44, 54, and 55 (Rejection 15) for the same reasons as articulated in the Decision for Rejection 17. In this regard, Patent Owner did not provide separate arguments regarding the patentability of claims 54 and 55, which would have warranted a separate discussion of those claims. (*See* Decision 10; App. Br. 41–43; Reb. Br.) Thus, although the heading in the discussion of the obviousness rejections inadvertently omits claims 54 and 55 (as well as claims 42–44) (Decision 10), the

3

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

Decision states clearly that the Examiner's rejections of the claims as obvious over Zdzislaw in combination with other prior art references are affirmed, and lists claims 54 and 55. (Decision 5, 10, 17.) Accordingly, contrary to Patent Owner's presumption that claims 54 and 55 are allowable, the Decision affirmed the Examiner's rejection of claims 54 and 55. Therefore, we did not misapprehend or overlook the rejection of claims 54 and 55.

*Point 2- Rejections over Zdzislaw*

Patent Owner contends that at least with respect to claims 1–5, 11–15, 21, 22, 29, 30, 38–41, 45–51, and 53, the Examiner relied on Daly,[3] Bulk Density Chart,[4] as well as Patent Owner admissions, while the Decision does not refer to Patent Owner admissions. (Req. Rh'g 2.) As a result, Patent Owner argues that the Decision sets forth a new ground of rejection. (Req. Rh'g 2–3.)

We are not persuaded that the Decision relies on a new ground of rejection. The Decision lists the ground of rejection set forth by the Examiner as including "Patent Owner's Admitted Prior Art." (Decision 6, Rejection 17.) As explained above, with respect to the rejection, Patent Owner, in the Appeal Brief, relied on the arguments made pertaining to the rejection of the claims 7, 16, 17, 19, 20, 28, 32–35, 42–44, 54, and 55 (i.e., Decision Rejection 15). (App. Br. 41, 43-44.) In this regard, Patent Owner

---

[3] Daly            US 5,639,319            June 17, 1997
[4] Bulk Density Chart (website listing bulk densities of various materials, http://replay.web.archive.org/20021011113247/http://www.mpd-inc.com/material.htm, accessed May 12, 2011.)

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

argued that no admissions were made in the '330 Patent regarding the density of products produced by the two processes to produce DSBM disclosed in the '330 Patent and that the '330 Patent discloses expressly that the products produced by the two processes are different. (App. Br. 43)

The Examiner relied on admissions from the Patent Owner, that DSBM produced by the two most common processes perform equally well for the purposes of the claimed composition. (Ans. 31–32.) The Examiner stated further that DSBM products produced by each of the processes would have the "same/similar physical properties, such as density, that are within the general range as that of the processed DSBM product disclosed in Daly." (Ans. 66.) The Decision states expressly that '330 Patent acknowledges that two known methods are used for obtaining DSBM. (Decision 12, citing '330 Patent col. 5, ll. 6–43.) The Decision stated further that, because the '330 Patent discloses that both processes produce a suitable DSBM, the densities of the two DSBM would not be so different as to result in values outside the broad range of DSBM recited in claim 1. (Decision 12, FN3.) Thus, the Decision's treatment of Patent Owner's Admitted Prior Art is consistent with the Examiner's treatment of the same. Accordingly, the Decision did not set forth an undesignated new ground of rejection.

Patent Owner argues also that the Decision does not address the requirement in the claims that the DSBM has 60-75% suspended solids. (Req. Rh'g 3.) As an initial matter, we note that Patent Owner previously did not argue that the combination of prior art references in the rejection did not meet the suspended solids limitation in the claims. (*See* App. Br. 41–43, 44.) Accordingly, Patent Owner's argument is a new argument that is not

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

permitted in a request for rehearing. (*See* 37 C.F.R. § 41.52(a)(1).) To the extent Patent Owner's argument is related to the position that the compounds of Zdzislaw and Daly are different compounds, we again point to the above discussion that the '330 Patent discloses that producing DSBM by two known methods results in a DSBM product that is suitable for use in the claims. (See the '330 Patent, col. 5, ll. 41–43, 49-50.) We note additionally that the Examiner's rationale with respect to the solids content is based on the position that it would have been obvious to adjust the solids content in order to adjust the viscosity and appearance of the DSBM composition. (Ans. 32–33.)

Patent Owner contends also that in affirming the Examiner's rejections based on Zdzislaw that the Decision relies on Zdzislaw alone rather than the combination of references relied on by the Examiner. (Req. Rh'g 3-4.) We disagree. The Decision makes clear the combination of references relied upon by the Examiner as pertaining to the issues raised by Patent Owner in the Appeal Brief. (Decision 5, 6, 10, and 11.) The discussion in the Decision is consistent with the Examiner's rationale for concluding the claims would have been obvious in view of the prior art of record. (Decision 11–12.) Specifically, the Decision stated expressly that the Examiner relied on the concept that Zdzislaw's compositions could have been optimized to the claimed volume percentage amounts. (Decision 12.) Accordingly, Patent Owner had been informed that the Decision relied on this rationale set forth by the Examiner. Thus, the Decision does not set forth a new ground of rejection, but merely affirmed the Examiner's rationale.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

*Point 3-Composition of Zdzislaw*

Patent Owner contends that the Decision overlooks that Zdzislaw does not disclose DSBM at all and that the process of Zdzislaw is not the same as the prior art process disclosed in the '330 Patent. (Req. Rh'g 4–6.) Patent Owner previously did not argue that Zdzislaw did not disclose DSBM at all or that the process disclosed in the '330 Patent was different than the process disclosed in Zdzislaw. (*See* App. Br. 41–43, 44.) Accordingly, Patent Owner's argument is a new argument that is not permitted in a request for rehearing. (*See* 37 C.F.R. § 41.52(a)(1).) To the extent, Patent Owner is relying on previous arguments that the compounds of Daly and Zdzislaw are different compounds, those arguments have been addressed above.

We observe also that Zdzislaw discloses: "Molasses is a by-product of sugar from sugar beets. Molasses is obtained after centrifuging sugar from concentrated beet juice." (Zdzislaw 3.) Notwithstanding the differences in compositions noted by Patent Owner (Req. Rh'g 4–6), Patent Owner has not provided sufficient evidence that would explain why one of ordinary skill in the art would not have considered this disclosure in Zdzislaw to refer to desugared sugared beet molasses (DSBM). Patent Owner has not explained why one of ordinary skill in the art would not have understood Zdzislaw to be referring to the "older" of the two prior art process disclosed in the '330 Patent in view of the admissions in the '330 Patent that centrifuging was involved in a widely known process to produce DSBM, and that Zdzislaw was published prior to the "more modern" Steppen process set forth in Daly. ('330 Patent, col. 5, ll. 10–28.)

7

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

*Point 4- Nexus*

Patent Owner contends that in evaluating the evidence of secondary considerations, the Decision overlooks that Public Works does not disclose the claimed DSBM, such that any reference thereto is "misguided and irrelevant" and the Decision does not address the argument that the two substances are not the same. (Req. Rh'g 7.) Patent Owner argues that the Decision overlooked three other news articles submitted in Evidence Appendices F-H. (Req. Rh'g 7–8.) Patent Owner contends also that the Decision's assessment of the declarations from the licensees is inconsistent with the evidence of record, because if the specifics of the claims were not important, there would have been no need for the license agreements, and that using the term "patented" in the licensing agreement provides a nexus between the documents and the claimed invention. (Req. Rh'g 8–9.) Patent Owner argues the Decision overlooks that other customer declarations in Appendix J provide specific advantages as a result of the claims. (Req. Rh'g 9.) Patent Owner contends that the Decision overlooks the various city council documents presented in Appendix I, which provide a nexus to the claims. (Req. Rh'g 9.)

We are not persuaded that we misapprehended or overlooked Patent Owner's evidence of secondary considerations.

As further discussed infra with reference to Point 5, we are not persuaded that the Ice Ban product in Public Works does not disclose a DSBM because as argued by Patent Owner, the molasses discussed therein is produced by a fermentation process. Public Works discloses a molasses

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

of beet sugar syrup with much of the sugar removed. (Public Works 53.)
Public Works discloses that Ice Ban is biologically and environmentally
inert, non-corrosive, and has no adverse effect on roads. (Public Works 53.)
We observe that Patent Owner has not directed our attention to evidence that
demonstrates that the success of the GEOMELT product relates to
advantages over DSBM product that is produced by fermentation, such as
the Ice Ban product disclosed in Public Works.

In the Decision, we agreed with the Examiner's position that the
submitted evidence lacks a nexus with the claimed subject matter. (Decision
12–13, Ans. 73–76.) In discussing Patent Owner's evidence, the Examiner
refers expressly to the Exhibits referred to by Patent Owner as detailed
above. (Ans. 72–76.) We considered all of the evidence and concluded that
it was insufficient to outweigh the evidence of obviousness, because the
mixture of salt and DSBM was already well known to be advantageous and
that a salt-DSBM mixture works better than salt alone. (Decision 12–13.)
Patent Owner's emphasis on the Exhibits not discussed expressly in the
Decision does not change our assessment.

*Point 5- Public Works*

Patent Owner contends that with respect to claims 3, 5, 6, 8–14, 18.
23. 25–27, 30, 31, 36, 37, and 45–52, the Decision overlooks that Patent
Owner argued any reliance on Public Works is unfounded because the Ice
Ban disclosed therein is a fermentation product, and is different from the
claimed DSBM. (Req. Rh'g 10, citing App. Br. 43–44, 23–26.)

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

We agree that we did not address Patent Owner's argument in the
Decision. However, upon further consideration, we decline to change the
Decision. Public Works discloses a molasses of beet sugar syrup with much
of the sugar removed. (Public Works 53.) The Examiner relied on Public
Works in concluding that the mixture of DSBM and rock salt, as taught by
Zdzislaw and Public Sector Consultants, in the ratios claimed would have
been obvious to one of ordinary skill in the art. (Ans. 35–36; Decision 14.)
Thus, we are not convinced that it was inappropriate for the Examiner to rely
on Public Works, as argued by Patent Owner, as evidence that the claimed
DBSM to salt ratio would have been obvious.

### Point 6- Support Evidence for Obviousness Rationale

Patent Owner contends that the Decision does not discuss optimizing
ratios with respect to Public Works, nor is there any supporting evidence in
Public Works that would lead to any optimization of ratios relating to a
mixture of DSBM and rock salt. (Req. Rh'g 10–11.) In the Decision, we
stated:

> We are also not persuaded by Patent Owner's argument
> that Public Works would not convey to one of ordinary skill in
> the art that a range of ratios of DSBM to rock salt could be
> employed. (App. Br. 37.) Public Works discloses two field tests
> using DSBM for ice/snow removal. (Public Works 53-54.) The
> first field test used pure DSBM sprayed from a nozzle and the
> second field test mixed DSBM with salt in the 13/87 ratio
> discussed supra. (Public Works 53-54.) The Examiner's
> position is that these two embodiments teach a range for the use
> of DSBM with salt, from 100/0% to 13/87%. (Ans. 29.) Patent
> Owner argues that no such range is taught or implied. (App. Br.
> 37.) However, consistent with our discussion above, Public

10

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

> Works provides further supporting evidence for the Examiner's
> position that it would have been obvious to optimize the ratio for
> the ideal mixture of DSBM and salt. Thus, Patent Owner's
> argument does not persuade us that the Examiner's rejection is
> in error.
> (Decision 15-16.)

The "discussion above" refers to the reproduced discussion of the embodiments disclosed in Public Works and our agreement with the Examiner that such embodiments were sufficient to convey to one of ordinary skill in the art to optimize the ratio of DSBM and salt depending on the conditions. Contrary to Patent Owner's allegations, we did not rely on three different examples of the same mixing ratio of Ice Ban and salt to provide support for a range. We did not overlook any alleged absence of supporting evidence. Rather, we agreed with the Examiner that one of ordinary skill in the art would have appreciated that different ratios of DSBM and salt could be employed from the disclosure in Public Works. Accordingly, we did not misapprehend or overlook the disclosure of Public Works.

Thus, we have granted Patent Owner's request to the extent of the comments made herein. However, we decline to make any changes in the outcome to the Decision mailed May 30, 2014.

DENIED

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

PATENT OWNER:

KING & SCHICKLI, PLLC
247 NORTH BROADWAY
LEXINGTON KY 40507

THIRD PARTY REQUESTER:

CHRISTENSEN, O'CONNOR, JOHNSON, KINDNESS, PLLC
1420 FIFTH AVENUE
SUITE 2800
SEATTLE, WA 98101-2347



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/010,381 | 01/23/2009 | 6,080,330 | UNUI132158 | 9295 |

1009        7590        05/30/2014

KING & SCHICKLI, PLLC
247 NORTH BROADWAY
LEXINGTON, KY 40507

| EXAMINER |
|---|
| XU, LING X |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3991 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/30/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

------------

BEFORE THE PATENT TRIAL AND APPEAL BOARD

------------

*Ex Parte* Natural Alternatives, LLC.

Appeal 2013-009547
Reexamination Control Nos. 90/010,381; 90/011,454; and 90/011,713
Patent 6,080,330
Technology Center 3900

------------

Before ROMULO H. DELMENDO, JEFFREY B. ROBERTSON, and
RAE LYNN P. GUEST, *Administrative Patent Judges*.

ROBERTSON, *Administrative Patent Judge*.

DECISION ON APPEAL

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

Patent Owner Natural Alternatives, LLC (hereinafter "Patent Owner")
appeals under 35 U.S.C. §§ 134(b) and 306 the Examiner's decision to reject
claims 1-23 and 25-55.[1]  We have jurisdiction under 35 U.S.C. §§ 134(b)
and 306.  We affirm the Examiner's decision to reject claims 1-23 and 25-
55.

STATEMENT OF THE CASE

United States Patent 6,080,330 (hereinafter "the '330 Patent"), which
is the subject of the current merged *ex parte* reexamination proceedings,
issued to Todd Bloomer on June 27, 2000, based on Application 09/333,180
filed June 14, 1999.  All three reexamination proceedings were ordered
based on third-party requests for reexamination filed by Univar USA Inc.
Although not stated in the Appeal Brief, we understand that the '330 Patent
is (or has been) the subject of litigation styled *Natural Alternatives, LLC,
and Todd Bloomer v. Univar USA Inc.*, Case No. 5:08-cv-473 (E.D. Ky.).
*See* Request for Reexamination, filed January 9, 2009 in 90/010,381, at 2.
The '330 Patent is related to United States Patent 6,416,684 (hereinafter "the
'684 Patent"), which is the subject of Reexamination Control 95/001,136
and is currently undergoing reexamination.  (App. Br. 4.)

The '330 Patent relates to a mixture containing desugared sugar beet
molasses (hereinafter "DSBM"), which is used for removing and/or
preventing ice or snow buildup.  (Col. 4, ll. 22-49.)  The compositions

---

[1] *See* Patent Owner's Appeal Brief (filed December 17, 2012) (hereinafter
"App. Br.") at 1.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

combine DSBM with either alcohols or salts to create the anti-freezing
compound. (Col. 4, ll. 5-21.)

Claims 1 and 6, which are illustrative of the claimed subject matter
read as follows:

> 1. A composition for deicing and inhibiting the
> formation of ice and snow on surfaces comprising from 25-99%
> by volume of desugared sugar beet molasses having 60-75%
> suspended solids and 1-75% by volume of a component
> selected from the group consisting of sodium formate, calcium
> magnesium acetate, potassium acetate, ethylene glycol, di-
> ethylene glycol, magnesium chloride, calcium chloride, sodium
> chloride, potassium chloride and mixtures thereof.

> 6. A composition for deicing or inhibiting the formation
> of ice and snow on surfaces comprising a mixture of desugared
> sugar beet molasses and rock salt including from 8-10 gallons
> of desugared beet molasses per ton of tock salt.

(App. Br., Claims App'x 53-54.)

The Prior Art relevant to the issues on Appeal is:

| Daly | US 5,639,319 | Jun. 17, 1997 |
|------|--------------|---------------|
| Crofoot | US 1,581,179 | Apr. 20, 1926 |

Zdzislaw (PL 164018 B1, published Nov. 7, 1990)

Public Works (Winter is Hell, Public Works, July 1997, pgs. 53-54.)

Public Sector Consultants (The Use of Selected Deicing Materials on
Michigan Roads: Environmental and Economic Impacts, Prepared by
Public Sector Consultants, Inc., for MDOT, December 1993.)

Bulk Density Chart (website listing bulk densities of various
materials,

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

> http://replay.web.archive.org/20021011113247/http://www.mpd-inc.com/material.htm, accessed May 12, 2011.)

> CRC Handbook (Handbook of Chemistry and Physics, 53rd Ed., The Chemical Rubber Co., Cleveland, OH. 1973, pgs. D-196 & C-258.)

## THE REJECTIONS

The claims stand rejected by the Examiner over eighteen different grounds of rejection.

1. Claim 54 under 35 U.S.C. § 305 as enlarging the scope of the claims under reexamination.

2. Claim 54 under 35 U.S.C. § 112, 2nd paragraph as being indefinite.

3. Claim 6 under 35 U.S.C. § 102(b) as being anticipated by Public Works as evidenced by Public Sector Consultants.

4. Claim 7 under 35 U.S.C. § 102(b) as being anticipated by Daly as evidenced by Bulk Density Chart.

5. Claim 9 under 35 U.S.C. § 103(a) over Daly as evidenced by Bulk Density, in view of Crofoot.

6. Claims 1, 3, 47, and 53 under 35 U.S.C. § 103(a) over Daly as evidenced by Bulk Density Chart.

7. Claim 2 under 35 U.S.C. § 103(a) over Daly as evidenced by Bulk Density, in view of Crofoot.

8. Claims 4, 22, and 29 under 35 U.S.C. § 103(a) over Daly as evidenced by Bulk Density, in view Patent Owner's Admitted Prior Art.

4

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

9. Claims 7, 8, 10, 16, 18-20, 23, 25, 26, 28, 31-37, 52, 54 and 55 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants and Bulk Density Chart.

10. Claims 9 and 17 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants and Bulk Density Chart, in view of Crofoot.

11. Claims 27 and 42-44 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants and Bulk Density Chart, in view of Public Sector Consultants.

12. Claims 1, 3, 4, 11-15, 21, 22, 29, 30, 45, 48, 51, and 53 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants and Bulk Density Chart, in view of Daly and Patent Owner's Admitted Prior Art.

13. Claim 2 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants, Bulk Density Chart, Daly, and Patent Owner's Admitted Prior Art, in view of Crofoot.

14. Claims 5, 46, 47, 49, and 50 under 35 U.S.C. § 103(a) over Public Works as evidenced by Public Sector Consultants, Bulk Density Chart, Daly, and Patent Owner's Admitted Prior Art, in view of Public Sector Consultants.

15. Claims 7, 16, 17, 19, 20, 28, 32-35, 42-44, 54, and 55 under 35 U.S.C. § 103(a) over Zdzislaw as evidenced by Daly and Bulk Density Chart.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

16. Claims 6, 8-10, 18, 23, 25-27, 31, 36, 37, and 52 under 35 U.S.C.
§ 103(a) over Zdzislaw as evidenced by Daly and Bulk Density
Chart, in view of Public Sector Consultants and Public Works.

17. Claims 1, 2, 4, 15, 21, 22, 29, 38-41, and 53 under 35 U.S.C.
§ 103(a) over Zdzislaw as evidenced by Daly, Bulk Density Chart,
and Patent Owner's Admitted Prior Art.

18. Claims 3, 5, 11-14, 30 and 45-51 under 35 U.S.C. § 103(a) over
Zdzislaw as evidenced by Daly, Bulk Density Chart, and Patent
Owner's Admitted Prior Art, in view of Public Sector Consultants
and Public Works.

## I. REJECTION UNDER 35 U.S.C. § 305

The Examiner rejected claim 54 under 35 U.S.C. § 305 as enlarging
the scope of the patent under reexamination. (Ans. 2.) The Examiner's
position is that claim 54 improperly enlarges the scope of the original patent
claims, because it recites a method of removing snow or ice from a surface
and fails to recite an anti-skid agent, whereas original claim 8, which is also
directed to a method of removing snow or ice from a surface, recites an anti-
skid agent. (Ans. 2.)

Patent Owner argues that when compared to original claim 7; claim
54 does not enlarge the scope of the previous claims, because claim 7 also
does not include an anti-skid agent. (App. Br. 18-19.) Although claim 7
relates to a method of preventing accumulation, not a method of removal,
Patent Owner contends that spreading the same composition on ice and snow

6

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

would both remove the ice and snow and prevent the further accumulation thereof. (*Id.*)

Accordingly, the issue with respect to the rejection under 35 U.S.C. § 305 is whether claim 54 should be compared to claim 7 or claim 8 in order to determine whether it enlarges the scope of the original Patent claims.

We are persuaded by Patent Owner's argument that claim 54 is properly compared to original claim 7, and when compared to original claim 7, claim 54 does not enlarge the scope of the previous claims, because claim 7 relates to a method of preventing accumulation, not a method of removal. (App. Br. 18-19.) That is, although claim 7 expressly recites a method of preventing the accumulation of ice or snow on a surface, the actual step of spreading recited in claim 7 is the same spreading step recited in claim 54. We agree with Patent Owner, that when spread on a surface containing accumulated ice or snow, the composition would inherently act to prevent further accumulation of ice or snow on the surface. (App. Br. 18.) Accordingly, we reverse the rejection of claim 54 under 35 U.S.C. § 305.

## II. REJECTION UNDER 35 U.S.C. § 112, 2ⁿᵈ PARAGRAPH

The Examiner rejected claim 54 because the preamble recites "ice or snow formed" whereas in the body of the claim recites "ice *and* snow formed." (Ans. 3.) Patent Owner asserts that the discrepancy is a result of a typographical error. (App. Br. 21.)

We are of the opinion that one of ordinary skill in the art would have understood the scope of claim 54. That is, the method step recited in claim 54 is spreading a composition on a surface. We do not agree that one of

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

ordinary skill in the art would be confused by the inconsistency in the claim noted by the Examiner. In addition, claim 54 is consistent with claims, 8, 9 and 55 which also interchangeably use "ice and snow" with "ice or snow." (App. Br., Claims App'x 53-66.) Accordingly, we reverse the rejection of claim 54 under 35 U.S.C. § 112, 2nd paragraph.


III. REJECTIONS UNDER 35 U.S.C. § 102

A.    REJECTION OF CLAIM 6

The Examiner rejected claim 6 under 35 U.S.C. § 102(b) as being anticipated by Public Works as evidenced by Public Sector Consultants. (Ans. 4.) Specifically, the Examiner found that Public Works discloses a mixture of DSBM and salts in a ratio of 8 gallons of DSBM per ton of salts as recited in claim 6. *Id.* Patent Owner argues that Public Works fails to anticipate the claimed ratio of eight gallons of DSBM per ton of rock salt because the ton of material in Public Works is a combination of 25% road salt and 75% crushed cinders, and as a result, the claimed ratio is not met. (App. Br. 24.)

Thus, the issue is whether Public Works discloses the ratio of DSBM to rock salt recited in the claim.

We agree with Patent Owner that Public Works fails to disclose the recited ratio. Public Works discloses using eight gallons of Ice Ban (DSBM) per ton of a salt mix. (Public Works 54.) The salt mix, however, is only 25% salt (Public Works 54) and therefore would not meet the claimed ratio. Public Works also discloses several other examples of using eight gallons of Ice Ban per ton of mix, but none of these examples explicitly teaches that the

8

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

mix is pure salt. (Public Works 53-54.) Thus, Public Works does not disclose an embodiment having the ratio of DSBM to rock salt recited in claim 6. As such, Public Works does not anticipate claim 6.


B.    REJECTION OF CLAIM 7

The Examiner rejected claim 7 under 35 U.S.C. § 102(b) as anticipated by Daly as evidenced by Bulk Density Chart. As discussed above, claim 7 recites a method of preventing the accumulation of ice or snow on a surface, the method comprising spreading a composition of DSBM and another component spread on the surface. The Examiner found that because Daly discloses that DSBM remains in a fluid state and does not freeze at temperatures as low as -30 °F, DSBM has the property of preventing the accumulation of ice on a surface. (Ans. 4.)

Patent Owner argues that Daly discloses a tire filled with a liquid ballast material and not a method for the prevention of ice or snow accumulation by spreading a composition on a surface. (App. Br. 27.)

Thus, the issue with respect to this rejection is whether Daly discloses the method recited in claim 7.

We agree with Patent Owner's argument that Daly fails to teach the prevention of ice or snow accumulation. (App. Br. 27.) Daly discloses using DSBM as tire ballast. (Col. 2, ln. 18 to col. 3, ln. 15.) Although Daly discloses that DSBM remains fluid below freezing (col. 2, ll. 55-57), as discussed above, Daly only discloses that DSBM is used to fill a tire, and does not disclose a step of preventing accumulation of ice or snow on the tire. (*See* App. Br. 27.) Thus, Daly does not anticipate claim 7.

9

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

## IV.    REJECTIONS UNDER 35 U.S.C. § 103(a)

The Examiner rejected the claims as obvious over Zdzislaw in combination with several other prior art references. (Ans. 24-34.) We address the points argued by Patent Owner with respect to the claims separately argued below.

## A.    REJECTION OF CLAIMS 1-5, 7, 11-17, 19-22, 28-30, 32-35, 38-41, 45-51, and 53

Claim 1, which is representative, recites a composition for deicing and inhibiting the formation of ice and snow on surfaces comprising from 25-99% by volume of DSBM and 1-75% by volume of a component, which may be a polyhydroxide alcohol.

The Examiner found that Zdzislaw discloses a DSBM composition that is used to prevent freezing of bulk materials, the composition further including polyhydroxide alcohols and water, the amounts of which are disclosed in terms of mass. (Ans. 24-26, 31.) The Examiner converted Zdzislaw's amounts based on mass into amounts based on volume using Daly and Bulk Density Chart for the purposes of providing the density values of each component. (Ans. 25-26.) In this regard, Daly teaches that the DSBM disclosed therein weighs between 8-11.6 lbs. /gallon compared to 11.7 lbs. /gallon for regular molasses. (Col. 2, ll. 40-43.) The Examiner employed the 11.6 lbs. /gallon value to convert the values disclosed in Zdzislaw to 4-47% DSBM and 11-85% alcohol by volume. (Ex. Ans. 25-26.) The Examiner then stated that these values overlap the range of 25-

10

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

99% DSBM mixed with 1-75% alcohol recited in claim 1. (Ans. 26.) The
Examiner also stated that the characteristics of the DSBM composition
disclosed in Zdzislaw could be adjusted according to the properties of the
bulk material and weather conditions and that Examples I-III in Zdzislaw
show that characteristics of the composition such as viscosity, freezing
temperature, and appearance are affected by the ratio of DSBM to alcohol.
(Ans. 26, citing Zdzislaw, p. 4, 1st paragraph.) The Examiner's position is
that it would have been obvious to alter the DSBM and alcohol amounts of
Zdzislaw to optimize the desired properties of a given batch of the product.
(Ans. 26.)

Patent Owner argues that Daly cannot be used to provide the density
of the DSBM disclosed in Zdzislaw because Daly does not disclose the same
type of DSBM as Zdzislaw. (App. Br. 41-43, 44.)

The dispositive issue pertaining to the combination of Zdzislaw, Daly,
and the Bulk Density Chart is whether it would have been obvious, in view
of this prior art, to one of ordinary skill in the art to have employed the
amounts of the DSBM and polyhydroxide alcohol recited in claim 1.

We are not persuaded by Patent Owner's argument. Zdzislaw
discloses using DSBM, made from a centrifuge process, as an anti-freezing
liquid. (Zdzislaw 2.)[2] Specifically, Zdzislaw discloses spraying a mixture
of polyhydroxide alcohols (10-85 parts by mass), DSBM (5-55 parts by
mass), water (10-60 parts by mass), and additives (0-10 parts by mass) on
bulk materials to prevent freezing during storage and transportation.

---

[2] Zdzislaw contains no page or paragraph numbers. All citations are to
pages 1 through 4 of the four page English translation.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

(Zdzislaw 2, 4.) Daly teaches creating DSBM using the Steffen process
(Daly, col. 2, ll. 48-51.), in contrast to Zdzislaw's centrifuge process. The
centrifuge process and Steffen process are both acknowledged in the '330
Patent as two known methods of obtaining suitable DSBM. (Col. 5, ll. 6-
43.)

Thus, although the density of the DSBM disclosed in Daly may not be
the exact density of the DSBM in Zdzislaw,[3] the rejection further relied on
the concept that Zdzislaw's composition could have been optimized to the
claimed volume percentage amounts. We agree with the Examiner that
Zdzislaw shows that the properties of the composition with respect to
appearance, freezing temperature, and viscosity can be adjusted by varying
the amounts of the components in the composition. Accordingly, we agree
with the Examiner that it would have been obvious to have optimized the
amounts of DSBM and alcohol to those falling within the recited ranges
based on the desired properties of the resulting composition.

Patent Owner also argues that the record contains sufficient evidence
of secondary considerations to overcome the *prima facie* case of
obviousness. (App. Br. 46-52.) We agree with the Examiner's position that
the submitted evidence lacks a nexus with the claimed subject matter. (Ex.
Ans. 73-76.) Patent Owner submits news reports praising GEOMELT (the
commercial product of a composition alleged to fall within the scope of the

---

[3] The '330 Patent teaches that both the Steffen process (Daly) and the
centrifuge process (Zdzislaw) creates suitable DSBM. (Col. 5, ll. 43-44.)
Both DSBMs are also capable of being sprayed, undiluted, from a nozzle.
(Col. 5, ll. 49-52). Thus, we are unconvinced that the densities of the two
DSBMs would be so different as to result in values outside the broad range
of DSBM recited in claim 1.

12

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

claims). For example, the report "Beet Juice Beats Salt"[4] praises a combination of DSBM and salt because it performs better than salt alone. However, Public Works already had disclosed that mixing Ice Ban[5] with salt performs better than salt alone. (Public Works 54.) Thus, the "Beet Juice Beats Salt" article is indicative of a well-known fact from the art, namely that a salt-DSBM mixture works better than salt alone and is insufficient to establish a nexus between the claimed subject matter and the evidence presented. *See Tokai Corp. v. Easton Enters, Inc.*, 632 F.3d 1358, 1369 (Fed. Cir. 2011).

Likewise, Zdzislaw discloses that DSBM mixtures were used for deicing. (Zdzislaw, p. 4.) The declarations from the licensees and from the Patent Owner, fail to establish that the commercial success of GEOMELT is due to the elements of the claimed mixture extending beyond the well-known de-icing properties of DSBM mixtures. For these reasons, we find the evidence of secondary considerations unpersuasive.

B.     CLAIMS 3, 5, 8-14, 18, 23, 25-27, 30 31, 36-37, 45 and 52

Claim 5 is representative of the subject matter argued by Patent Owner and recites a composition comprising a mixture of DSBM and chloride salt. The Examiner combines Zdzislaw with Public Sector Consultants in order to replace the alcohol used in combination with the

---

[4] "Beet Juice Beats Salt," NEWSCHANNEL 3, February 27, 2008. (App. Br. Ev. App'x E.)
[5] Ice Ban is a desugared molasses product made from fermenting several products including sugar beets and was found to be a DSBM product by the Examiner.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

DSBM disclosed in Zdzislaw with the salt disclosed in Public Sector Consultants. (Ans. 29-30.) The Examiner then relies on Public Works for the appropriate amount of salt that would be used in the composition. (*Id.*)

Patent Owner argues that Public Sector Consultants is not a printed publication and cannot be used as prior art. (App. Br. 44-46.) Patent Owner further contends that Public Works does not teach mixing 13% DSBM to 87% road salt (by volume) as asserted by the Examiner. (App. Br. 36-37.)

Accordingly, the additional issues raised with respect to the rejection of these claims are: (1) whether Public Sector Consultants was available as a printed publication, and (2) whether Public Works discloses mixing 13% DSBM to 87% road salt (by volume).

*Issue 1*

A reference may be considered a printed publication upon showing the document is available to one of ordinary skill who exercises reasonable diligence in locating it. *In re Wyer*, 655 F.2d 221, 210 (CCPA 1981). Public Sector Consultants is a study commissioned by the Michigan Department of Transportation. (Public Sector Consultants 1.) A press release issued in December 1994 entitled "Road Salt: Still the Deicer of Choice" discusses this study.[6] In the final paragraph, the press release states "[f]or a copy of the study, contact Andy Zeigler, MDOT Environmental Section, P.O. Box 30050, Lansing, MI 48909." (*See* Ans. 69.) Thus, Public Sector Consultants was available with reasonable diligence (i.e., upon

---

[6] See *Road Salt: Still the Deicer of Choice* by Kristine Bradof, cseo.mtu.edu/community/publications/wellspring/salt_follow-up.html (*hereinafter* "the press release") entered into the record by the Examiner on June 14, 2012.

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

request) in 1994. Therefore, we find Patent Owner's argument
unpersuasive.

*Issue 2*

The Examiner asserted that Public Works discloses mixing 13%
DSBM to 87% road salt (by volume). (App. Br. 36-37; Ans. 12-13.) We
agree. Public Works teaches mixing eight gallons of DSBM per ton of a
25/75% mix of road salt and crushed cinders. (Public Works 54.) The
Examiner's position is that the ratio of 25/75% is given by mass.[7] (Ex. Ans.
59.) We find the Examiner's position is consistent with the reference,
because the 25/75 mixture is referred to by mass (i.e. a ton of the mix).
(Public Works 54.) Also, references to salt (and salt prices) in Public Works
are by mass ($200/ton). (Public Works 53-54.) As such, a person of
ordinary skill would have understood that the salt/cinder mixture was also
presented by mass. *In re Preda*, 401 F.2d 825, 826 (CCPA 1968).

We are also not persuaded by Patent Owner's argument that Public
Works would not convey to one of ordinary skill in the art that a range of
ratios of DSBM to rock salt could be employed. (App. Br. 37.) Public
Works discloses two field tests using DSBM for ice/snow removal. (Public
Works 53-54.) The first field test used pure DSBM sprayed from a nozzle
and the second field test mixed DSBM with salt in the 13/87 ratio discussed
*supra*. (Public Works 53-54.) The Examiner's position is that these two
embodiments teach a range for the use of DSBM with salt, from 100/0% to

---

[7] Based on the mix containing 25% salt, (i.e. 500 pounds of salt per 8 gallons
of DSBM), the Examiner determined that Public Works teaches a 13/87%
(by volume) mixture of DSBM to salt. (Ans. 12-13 and 29.)

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

13/87%. (Ans. 29.) Patent Owner argues that no such range is taught or
implied. (App. Br. 37.) However, consistent with our discussion above,
Public Works provides further supporting evidence for the Examiner's
position that it would have been obvious to optimize the ratio for the ideal
mixture of DSBM and salt. Thus, Patent Owner's argument does not
persuade us that the Examiner's rejection is in error.

C.    CLAIM 6

Patent Owner presents two additional arguments with respect to claim
6, which relate to the obviousness rejections. First, Patent Owner argues that
Public Sector Consultants fails to establish that the term "road salt" is
synonymous with the term "rock salt" as suggested by the Examiner. (App.
Br. 23.) In this regard, Public Works teaches mixing eight gallons of DSBM
with road salt, while claim 6 recites a mixture of DSBM with rock salt.
(Public Works 54, App. Br., Claims App'x 54.) The Examiner turned to the
heading in Public Sector Consultants that states "Sodium Chloride
(Road/Rock Salt)" to support the position that road salt and rock salt are
synonyms for the same substance. (Ans. 4, Public Sector Consultants 73.)
We are of the position that the portions of Public Sector Consultants relied
on by the Examiner support the position that road salt is understood by one
of ordinary skill in the art to be rock salt. Patent Owner presents no
persuasive evidence to the contrary. Thus, we are not persuaded by Patent
Owner's argument.

Patent Owner also reiterates the argument that Public Works does not
teach mixing eight gallons of DSBM to a ton of rock salt. (App. Br. 44.)

16

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

We agreed with Patent Owner that Public Works does not anticipate this feature as discussed *supra*. The Examiner's rejection under 35 U.S.C. § 103(a), however, stated that it would have been obvious to optimize the ratio of DSBM product and rock salt. (Ans. 30.) Further, Public Works teaches three different examples of mixing eight gallons of DSBM product to a ton of "mix." (Public Works 53-54.) Thus, the Examiner's rejection is sufficient to support a conclusion that it would have been obvious to optimize to the recited ratio of 8 gallons per ton of rock salt, when using a "mix" of pure rock salt.

D.    OTHER REJECTIONS

Because we affirm the Examiner's decision to reject all of the claims subject to reexamination as obvious over Zdzislaw et al., we find it unnecessary to reach the remaining rejections under 35 U.S.C § 103. *Cf. In re Gleave*, 560 F.3d 1331, 1334 (Fed. Cir. 2009); *Beloit Corp. v. Valmet Oy*, 742 F.2d 1421, 1423 (Fed. Cir. 1984) (Having decided a single dispositive issue, the ITC was not required to review other matters decided by the presiding officer).

DECISION

The Examiner's decision to reject claims 1-23 and 25-55 over Zdzislaw et al. in combination with various other references is affirmed.

However, we reverse the rejections of claim 54 under 35 U.S.C. § 305 and 35 U.S.C. § 112, 2nd paragraph.

17

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

We reverse also the rejection of claim 6 under 35 U.S.C. § 102(b) and the rejection of claim 7 under 35 U.S.C. § 102(b).

We do not reach the remaining rejections.

AFFIRMED

Appeal 2013-009547
Reexamination Controls 90/010,381; 90/011,454; 90/011,713
Patent 6,080,330

THIRD PARTY REQUESTER:

CHRISTENSEN, O'CONNOR, JOHNSON, KINDNESS, PLLC
1420 FIFTH AVENUE
SUITE 2800
SEATTLE, WA 98101-2347

Form PTO 55 (12-80)

## U.S. DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

<u>8/10/15</u>

(Date)

**THIS IS TO CERTIFY** that the annexed is an accurate list of the content entries in the files of the reexamination proceedings identified below.  The lists were taken from the IFW electronic database of this office and comprise the record before the United States Patent and Trademark Office.

### The Reexamination Proceedings of:

**NATURAL ALTERNATIVES, LLC**

**Reexamination Nos. : 90/011,381 filed January 9, 2009**
**90/011,454 filed January 21, 2011**
**90/011,713 filed May 26, 2011**

**Patent No.: 6,080,330**

**Title of Invention: ANTI-FREEZING AND DEICING COMPOSITION AND METHOD**



By authority of the
DIRECTOR OF THE UNITED STATES PATENT
AND TRADEMARK OFFICE

*Maria L. Fletcher*

*Certifying Officer*

**Prosecution History – Reexamination No. 90/010,381**

| Date | Document |
|---|---|
| 01/09/2009 | Request for *Ex Parte* Reexamination |
| 01/09/2009 | Information Disclosure Statement |
| 01/14/2009 | Notice of Failure to Comply with *Ex Parte* Reexamination Request Filing Requirements |
| 01/21/2009 | Litigation Search |
| 01/23/2009 | Response to Notice of Failure to Comply with *Ex Parte* Reexamination Request Filing Requirements |
| 01/23/2009 | Fee Worksheet |
| 01/23/2009 | Bibliographic Data Sheet |
| 01/23/2009 | File Jacket |
| 01/30/2009 | Notice of Reexamination Request Filing Date |
| 01/30/2009 | Notice of Assignment of Reexamination Request |
| 01/30/2009 | Title Report |
| 02/02/2009 | Litigation Search |
| 02/20/2009 | List of References Cited by Applicant and Considered by Examiner |
| 03/18/2009 | Determination – Reexam Ordered |
| 03/18/2009 | Search Notes |
| 04/14/2009 | Notice of Concurrent Proceedings |
| 09/14/2009 | Litigation Search |
| 09/18/2009 | Search Notes |
| 09/18/2009 | Non-Final Office Action |
| 09/18/2009 | Index of Claims |
| 10/21/2009 | Search Notes |
| 10/21/2009 | Non-Final Office Action |
| 10/21/2009 | Index of Claims |
| 10/21/2009 | Telephone Interview Summary |
| 12/24/2009 | Authorization for Extension of Time (all replies) |
| 12/24/2009 | Amendment/Request for Reconsideration After Non-Final Office Action |
| 12/24/2009 | Information Disclosure Statement |
| 12/29/2009 | Letter from Applicant re : December 24, 2009 Information Disclosure Statement |
| 12/29/2009 | Record of Telephone Conference |
| 10/06/2010 | Search Notes |
| 10/06/2010 | Non-Final Office Action |
| 10/06/2010 | List of References Cited by Applicant and Considered by Examiner |
| 12/09/2010 | *Ex Parte* Reexamination Interview Summary |
| 12/13/2010 | Amendment/Request for Reconsideration After Non-Final Office Action |
| 12/13/2010 | Information Disclosure Statement |
| 03/30/2011 | Decision Merging Proceedings |

**Prosecution History – Reexamination No. 90/010,381**

| | |
|---|---|
| 05/02/2011 | Response to Decision Merging Proceedings |
| 05/02/2011 | Interview Summary |
| 11/08/2011 | Decision Merging Proceedings |
| 11/18/2011 | Litigation Search |
| 12/08/2011 | Response to Decision Merging Proceedings |
| 02/02/2012 | Non-Final Office Action |
| 02/02/2012 | List of References Cited by Applicant and Considered by Examiner |
| 02/07/2012 | Notice of Concurrent Proceedings |
| 02/07/2012 | Notice of Court Action |
| 04/02/2012 | Amendment/Request for Reconsideration After Non-Final Office Action |
| 05/08/2012 | Litigation Search |
| 06/14/2012 | Final Rejection |
| 06/14/2012 | List of References Cited by Examiner |
| 08/10/2012 | Petition Requesting Withdrawal of Finality of Office Action |
| 08/16/2012 | Response After Final Rejection |
| 09/11/2012 | *Ex Parte* Reexamination Interview Summary |
| 09/14/2012 | Request for Extension of Time |
| 09/14/2012 | Interview Summary |
| 09/18/2012 | Advisory Action |
| 09/19/2012 | Extension of Time Dismissed |
| 09/19/2012 | Advisory Action |
| 10/12/2012 | Response After Final Action |
| 10/15/2012 | Notice of Appeal |
| 11/08/2012 | Advisory Action |
| 11/09/2012 | Interview Summary |
| 12/14/2012 | Response After Final Action |
| 12/17/2012 | Appeal Brief |
| 12/18/2012 | Advisory Action |
| 03/26/2013 | Petition Decision – Dismissed |
| 05/03/2013 | Examiner's Answer to Appeal Brief |
| 05/23/2013 | Office Action re : Mailing of Examiner's Answer |
| 05/23/2013 | Appeal Forwarding Fee Requirement |
| 07/02/2013 | Reply Brief |
| 08/07/2013 | Appeal Docketing Notice |
| 09/13/2013 | Notification of Appeal Hearing |
| 10/10/2013 | Supplement to Appeal Brief |
| 10/11/2013 | Response to Notification of Appeal Hearing |
| 05/30/2014 | Patent Board Decision – Examiner Affirmed |
| 07/29/2014 | Request for Rehearing of Patent Board Decision |
| 02/26/2014 | Status Inquiry |
| 04/28/2015 | Decision on Reconsideration – Denied |

**Prosecution History – Reexamination No. 90/010,381**

| 06/29/2015 | Appeal to CAFC |

**Prosecution History – Reexamination No. 90/011,454**

| Date | Document |
|------|----------|
| 01/21/2011 | Request for *Ex Parte* Reexamination |
| 01/21/2011 | Information Disclosure Statement |
| 01/21/2011 | Fee Worksheet |
| 01/21/2011 | Bibliographic Data Sheet |
| 01/21/2011 | File Jacket |
| 02/03/2011 | Notice of Reexamination Request Filing Date |
| 02/03/2011 | Notice of Assignment of Reexamination Request |
| 02/03/2011 | Title Report |
| 02/18/2011 | *Ex Parte* Reexamination Interview Summary |
| 03/04/2011 | *Ex Parte* Reexamination Interview Summary |
| 03/09/2011 | Litigation Search |
| 03/11/2011 | Search Notes |
| 03/11/2011 | Determination – Reexam Ordered |
| 03/11/2011 | List of References Cited by Applicant and Considered by Examiner |
| 03/24/2011 | Interview Summary |
| 03/30/2011 | Decision Merging Proceedings |
| 05/02/2011 | Interview Summary |
| 11/08/2011 | Decision Merging Proceedings |
| 11/18/2011 | Litigation Search |
| 12/08/2011 | Response to Decision Merging Proceedings |
| 02/02/2012 | Non-Final Office Action |
| 02/02/2012 | List of References Cited by Applicant and Considered by Examiner |
| 02/07/2012 | Notice of Concurrent Proceedings |
| 04/02/2012 | Amendment/Request for Reconsideration After Non-Final Office Action |
| 05/08/2012 | Litigation Search |
| 06/14/2012 | Final Rejection |
| 06/14/2012 | List of References Cited by Examiner |
| 08/10/2012 | Petition Requesting Withdrawal of Finality of Office Action |
| 08/16/2012 | Response After Final Rejection |
| 09/11/2012 | *Ex Parte* Reexamination Interview Summary |
| 09/14/2012 | Request for Extension of Time |
| 09/14/2012 | Interview Summary |
| 09/18/2012 | Advisory Action |
| 09/19/2012 | Extension of Time Dismissed |
| 09/19/2012 | Advisory Action |
| 10/12/2012 | Response After Final Action |
| 10/15/2012 | Notice of Appeal |
| 11/08/2012 | Advisory Action |
| 11/09/2012 | Interview Summary |
| 12/14/2012 | Response After Final Action |
| 12/17/2012 | Appeal Brief |
| 12/18/2012 | Advisory Action |
| 03/26/2013 | Petition Decision – Dismissed |

**Prosecution History – Reexamination No. 90/011,454**

| | |
|---|---|
| 05/03/2013 | Examiner's Answer to Appeal Brief |
| 05/23/2013 | Office Action re : Mailing of Examiner's Answer |
| 05/23/2013 | Appeal Forwarding Fee Requirement |
| 07/02/2013 | Reply Brief |
| 08/07/2013 | Appeal Docketing Notice |
| 09/13/2013 | Notification of Appeal Hearing |
| 10/10/2013 | Supplement to Appeal Brief |
| 10/11/2013 | Response to Notification of Appeal Hearing |
| 05/30/2014 | Patent Board Decision – Examiner Affirmed |
| 07/29/2014 | Request for Rehearing of Patent Board Decision |
| 02/26/2014 | Status Inquiry |
| 04/28/2015 | Decision on Reconsideration – Denied |
| 06/29/2015 | Appeal to CAFC |

**Prosecution History – Reexamination No. 90/011,713**

| Date | Document |
|---|---|
| 05/26/2011 | Request for *Ex Parte* Reexamination |
| 05/26/2011 | Information Disclosure Statement |
| 05/26/2011 | Fee Worksheet |
| 05/26/2011 | Bibliographic Data Sheet |
| 05/26/2011 | Notice of Concurrent Proceedings |
| 06/06/2011 | Notice of Reexamination Request Filing Date |
| 06/06/2011 | Notice of Assignment of Reexamination Request |
| 06/06/2011 | Title Report |
| 06/06/2011 | Litigation Search |
| 06/07/2011 | *Ex Parte* Reexamination Interview Summary |
| 08/03/2011 | Determination – Reexam Ordered |
| 08/03/2011 | List of References Cited by Applicant and Considered by Examiner |
| 08/03/2011 | File Jacket |
| 08/03/2011 | Search Notes |
| 11/08/2011 | Decision Merging Proceedings |
| 11/18/2011 | Litigation Search |
| 12/08/2011 | Response to Decision Merging Proceedings |
| 02/02/2012 | Non-Final Office Action |
| 02/02/2012 | List of References Cited by Applicant and Considered by Examiner |
| 02/07/2012 | Notice of Concurrent Proceedings |
| 04/02/2012 | Amendment/Request for Reconsideration After Non-Final Office Action |
| 05/08/2012 | Litigation Search |
| 06/14/2012 | Final Rejection |
| 06/14/2012 | List of References Cited by Examiner |
| 08/10/2012 | Petition Requesting Withdrawal of Finality of Office Action |
| 08/16/2012 | Response After Final Rejection |
| 09/11/2012 | *Ex Parte* Reexamination Interview Summary |
| 09/14/2012 | Request for Extension of Time |
| 09/14/2012 | Interview Summary |
| 09/18/2012 | Advisory Action |
| 09/19/2012 | Extension of Time Dismissed |
| 09/19/2012 | Advisory Action |
| 10/12/2012 | Response After Final Action |
| 10/15/2012 | Notice of Appeal |
| 11/08/2012 | Advisory Action |
| 11/09/2012 | Interview Summary |
| 12/14/2012 | Response After Final Action |
| 12/17/2012 | Appeal Brief |
| 12/18/2012 | Advisory Action |
| 03/26/2013 | Petition Decision – Dismissed |
| 05/03/2013 | Examiner's Answer to Appeal Brief |
| 05/23/2013 | Office Action re : Mailing of Examiner's Answer |
| 05/23/2013 | Appeal Forwarding Fee Requirement |

**Prosecution History – Reexamination No. 90/011,713**

| | |
|---|---|
| 07/02/2013 | Reply Brief |
| 08/07/2013 | Appeal Docketing Notice |
| 09/13/2013 | Notification of Appeal Hearing |
| 10/10/2013 | Supplement to Appeal Brief |
| 10/11/2013 | Response to Notification of Appeal Hearing |
| 05/30/2014 | Patent Board Decision – Examiner Affirmed |
| 07/29/2014 | Request for Rehearing of Patent Board Decision |
| 02/26/2014 | Status Inquiry |
| 04/28/2015 | Decision on Reconsideration – Denied |
| 06/29/2015 | Appeal to CAFC |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the NOTICE

FORWARDING CERTIFIED LIST has been served on counsel this 10th day of August, 2014 as

follows:

> Robert Greene Sterne
> Jon E. Wright
> Sterne, Kessler, Goldstein & Fox, PLLC
> 1100 New York Avenue, Suite 600
> Washington, DC 20005

By: *Macia L. Fletcher*
       **Macia L. Fletcher**
       Paralegal Specialist